Michael Christakis
Reg. No. 93846-012
Taft Correctional Inst.
Post Office Box 7001
Taft, California 93268

In pro se:

**FILED**

**AUG 2 9** 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Michael Christakis,**<br>Plaintiff,<br><br>v.<br><br>**Federal Bureau of Prisons**; its<br>principal agent Harrell Watts,<br>Administrator, National Inmates<br>Appeals;<br>James E. Burrell, Administrator,<br>Privatization Management Branch;<br>Bernie Ellis, Warden;<br>Tammy O'Neil, Case Manager;<br>    Defendants | CASE NUMBER 1:05CV01727<br><br>JUDGE: Henry H. Kennedy<br><br>DECK TYPE: Pro se General Civil<br>            *29*<br>DATE STAMP: 08/■/2005<br><br>Civil Complaint Pursuant<br>to Administrative Pro-<br>ceedures Act (APA)<br>5 USC 702 et. seq. |

### I.    PRELIMINARY STATEMENT

This action involves a civil complaint under the Administra-
tive Procedures Act (APA) 5 U.S.C.A. 702 et. seq., where the agen-
cy has refused to follow its own regulations. The violation is de-
trimental to the Plaintiff's position as a federal Prisoner. [1]

---

[1]    Allegations of pro se complaint are held to less stringent
standards than formal pleadings drafted by lawyers. 92 S.Ct. 594
(1972) 404 U.S. 519, 30 L.Ed. 2d 652.

1.

## II.  JURISDICTION

1.    This Court has original subject matter jurisdiction pur-
suant to section 704, et. seq. of the APA which provides for
judical review of a "final agency action" where there is no
other adequate remedy available. 5 U.S.C. §704. See also <u>Taydus
v. Cisneros</u>, 902 F. Supp. 278, 284 (D. Mass 1995)(holding that
"the presumptive entitlement to judical review under the APA
'applies not only to agency action made reviewable by statute,
but also to any other final agency action for which there is
no other adequate remedy in a court'")(Quoting <u>NAACP v. Secre-
tary of House & Urban Dev.</u>, 817, F. 2d 149, 152 (1st. Cir.
1987)).

An agency action is deemed "final" and reviewable under
the APA when the agency completes its decision-making process
and the result of that process is one that will directly affect
the parties. See <u>Franklin v. Massachusetts</u>, 505 U.S. 788, 797,
112 S.Ct. 2767, 120 L.Ed. 2d 636 (1992).

Section 706 of the APA requires a reviewing court to set
aside an agency action found to be "arbitrary, capricious, an
abuse of discretion or otherwise not in accordance with the
law" or an action found to be "without observance of procedure
required by law." 5 U.S.C. §706 (2)(A) & (D).

The Supreme Court has repeatedly held that a valid federal
regulation is binding to the same extent as a statute, there-
fore, an "agency's failure to follow its own regulations can
be challenged under the APA. "<u>Webster v. Doe</u>, 486 U.S. 592, 602

2.

n.7, 108 S.Ct. 2047, 100 L.Ed. 2d 632 (1988). See also <u>Service</u>
<u>v. Dulles</u>, 354 U.S. 363, 387, 77 S.Ct. 1152, 1 L.Ed. 2d 1403
(1957) (federal courts may review agency action to ensure its
own regulations have been followed).

2.    Since a federal question is presented, this Court has gen-
eral jurisdiction pursuant to 28 U.S.C. 1331 and 1346(2).

3.    Venue is proper in Washington D.C. based on the fact that
the final agency action took place in this venue. See, 28 U.S.C.
1391 (e).

### III. PARTIES

4.    Plaintiff is currently a federal prisoner held at Taft
Correctional Institution (TCI), Post Office Box 7001, Taft,
California 93268.

5.    Defendant agency is the Federal Bureau of Prisons, whose
principal defendant is Mr. Harrell Watts, Administrator, Nation-
al Inmate Appeals, Office of General Counsel, Federal Bureau of
Prisons, 320 First Street N.W., Washington, D.C. 20534. He is
the individual who has made the final agency action.

6.    Mr. James E. Burrell, Administrator, Privatization Manage-
ment Branch, 320 First Street N.W., Washington, D.C. 20534, who
is the Administrator of Regional Appeals, for the Federal Bur-
eau of Prisons.

7.    Defendant officers are Ms. Tammy O'Neil, Case Manager, and
Mr. Bernie Ellis, Warden, of Taft Correctional Institution, at
1500 Cadet Road, Taft, California  93268, who are action agents
of the Federal Bureau of Prisons.

## IV.  STATEMENT OF THE CASE

8.  Shortly after the plaintiff's arrival to the Taft Correctional Institution (TCI) on or about June 12, 2002 Case Manager Ms. Tammy O'Neil (Ms. O'Neil is still employed within the institution, however, Ms. Shumaker is currently the plaintiff's Case Manager) placed an additional custody classification point on the plaintiff for serious violence. (exhibit page 14) Prior to plaintiff's arrival to TCI, the plaintiff had been incarcerated for more than 11 years and has gone through more than 22 custody audits. The plaintiff had not been assessed this point at any of these prior audits. (exhibit page 3, a copy of which is plaintiff's final custody classification score before arriving at TCI). Plaintiff has an assessment for minor violence that is more than 10 years old, and plaintiff stipulates that this assessment is accurate. (exhibit page 3)

9.  On August 6, 2004 plaintiff filed an Attempt at Informal Resolution (Request for Administrative Remedy) with Ms. Tammy O'Neil. The Attempt at Informal Resolution was not accomplished. (exhibit page 1)

10.  On September 6, 2004 plaintiff filed a formal Request for Administrative Remedy with the Warden, Mr. R.D. Andrews (DP Form #1599). That request was denied on September 10, 2004. (exhibit page 9)

11.  Warden Andrews has retired since the filings have begun and has been succeeded by Mr. Bernie Ellis, who supports the former Warden's position. (exhibit page 15)

4.

12.  On September 20, 2004 plaintiff filed a Regional Adminis-
trative Appeal, to Mr. James E. Burrell, Administrator, Privat-
ization Management Branch. The appeal was filed timely and
received on September 27, 2004 by Mr. Burrell. On October 25,
2004 Mr. James E. Burrell denied the appeal. (exhibit page 11)

13.  On November 12, 2004 plaintiff timely filed a Central Office
Administrative Remedy Appeal, to the Office of General Counsel,
Federal Bureau of Prisons. The appeal was timely received. On
February 3, 2005 Mr. Harrell Watts, Administrator, National In-
mate Appeals denied plaintiff's request. (exhibit page 13)

14.  This represents the final agency action and no further re-
medies are available.

### V.  STATEMENT OF FACTS

15.  On May 3, 1986 a residential home in Encino, California
was burglarized. Over $40,000 worth of property was stolen,
including expensive jewelry and silverware. The plaintiff cate-
gorically denies taking part in this crime. The plaintiff **was
not convicted nor found guilty of this crime.** (exhibit page 4)

16.  On May 26, 1986 the same victim was lying in bed in his
home and robbed at gun point. Over $100,000 worth of property
was taken. The victim and his spouse were threatened with death
in the course of this robbery. The plaintiff categorically
denies taking any part in this crime. The plaintiff **was not
convicted nor found guilty of this crime.** (exhibit pages 4, 5)

17.  On May 29, 1986 the plaintiff sold a silverware set to a
Los Angeles area jewelry dealer that was later determined to be
stolen from the victim's home in the May 3, 1986 burglary. The

5.

plaintiff **was convicted and found guilty of this crime and
this crime only.** (exhibit pages 4, 5)

18.  On July 16, 1986 plaintiff plead guilty to Receipt of
Stolen Property and was subsequently sentenced to a term of
two years in state prison on September 17, 1986 in violation
of California Penal Code 496.1. There is nothing in the record
that reflects a conviction of the May 3, 1986 burglary or the
May 26, 1986 robbery. (exhibit pages 4, 5)

19.  In the Attempt at Informal Resolution filing the plain-
tiff incorrectly stated "I am cognizant I can be assessed a
point for relevant conduct." (exhibit page 2) Program State-
ment 5100.07 does not provide for assessing a point for rele-
vant conduct without convictions or findings of guilt. (ex-
hibit pages 6, 7)

### VI.  ARGUMENT

The central dispute in this case is whether the Bureau
of Prisons has correctly interpreted Program Statement 5100.
07. Plaintiff maintains that the Bureau of Prisons has read
the regulation too broadly, and has erroneously included in
its assessment criminal history information that the regu-
lation does not permit. If the Court concludes that the Bur-
eau of Prison's reading of the regulation is too broad, then
the Bureau of Prisons must not use this information, and must
not assess against plaintiff the violence it now has.

In Ms. O'Neil's denial of the Attempt at Informal Resol-
ution she relies on Program Statement 5100.07 (exhibit pages

6, 7) her interpretation of this regulation is incorrect.
Program Statement 5100.07 clearly states **[consider] only**
**those acts for which there are documented findings of guilt.**
Program Statement 5100.07 goes on to say "severity of violence
is defined according to the offense behavior which resulted
in a **conviction or finding of guilt.**" (exhibit pages 6, 7)

Thus, the only act that may be considered for purposes
of a history of serious violence is the act, by the plaintiff,
of selling a silverware set to a Los Angeles area jewelry
dealer because that is the only act that resulted in the con-
viction and finding of guilt.

This is the only behavior which resulted in the conviction
and finding of guilt of the offense of receiving stolen proper-
ty which is how severity of violence is defined according to
Program Statement 5100.07.

Plainly, the record demonstrates that there was no con-
viction or finding of guilt of the May 3, 1986 burglary by the
plaintiff, nor was there a conviction or finding of guilt of
the May 26, 1986 robbery by the plaintiff either. (exhibit
pages 4, 5)

Consistent with Program Statement 5100.07 there must be a
conviction and finding of guilt of the considered acts of vio-
lence for there to be an assessed point of a history of ser-
ious violence. In this case there was clearly no such convic-
tion. (exhibit pages 4, 5, 6, 7)

Therefore, Ms. O'Neil's interpretation of Bureau of Prison

7.

regulation is too broad, and is arbitrary, capricious, and an abuse of discretion. See, APA §706 (2)(A).

In the denial of the request for Administrative Remedy on September 10, 2004 Warden Andrews relies on the findings and conclusions made by Ms. O'Neil. Thus Warden Andrews continued the erroneous assessment of violence.

Warden Ellis, who succeeded Warden Andrews, again pointed to the plaintiff "being a party to pointing a shotgun in a victim's face, the May 26, 1986 robbery, during a forced entry burglary and terrorizing the victim and his spouse for over an hour by threatening to kill them." By this action Warden Ellis perpetuated the error. (exhibit page 15)

Mr. James E. Burrell, Administrator, of the Privatization Management Branch denied the Regional Administrative appeal on October 25, 2004. In his denial Mr. Burrell stated "based on the behavior surrounding your conviction for Receipt of Stolen Property, your custody classification score is accurate." (exhibit page 11) Here again, Bureau of Prison staff incorrectly interprets Program Statement 5100.07 which allows **"considering only those acts for which there are documented findings of guilt."**

On February 3, 2005 Mr. Harrell Watts, Administrator, National Inmate Appeals denied plaintiff's request for a Central Office Administrative Remedy Appeal. Mr. Watts also erroneously relies on the act of the May 26, 1986 robbery as the basis to deny plaintiff the relief he seeks. (exhibit page 13)

8.

Mr. Watts assessment is contrary to the provisions of Program Statement 5100.07, and in violation of administrative regula- tion. Mr. Watts' answer constitutes the final agency action.

The erroneous assessment of violence that has been placed into plaintiff's Central File is causing harm in the sense that the plaintiff has been precluded from qualifying for a custody reduction from low to minmum.

### VII.   RELIEF REQUESTED

20. That the Court issue a declaratory judgement that the actions taken by the Bureau of Prisons in this case are in violation of its own regulations.

21. Issue an order directing the Bureau of Prisons to correct plaintiff's record accordingly and enjoin the Bureau of Prisons from using this erroneous assessment against the plaintiff in any matter whatsoever.

22. Issue an order directing the Bureau of Prisons to pay all court fees, and any other costs that are fair and proper.


Dated  8-4-05      ,  By _____
                           Michael Christakis

////

////

9.

E X H I B I T S