## TABLE OF CONTENTS:

Attempt at Informal Resolution ...................... Pages 1, 2.

Last Custody Classification Score
before arrival to T.C.I. .............................. Page  3.

Presentence Investigation (P.S.I.) ................. Pages 4, 5.

Program Statement 5100.07, concerning
how history of violence is defined ................. Pages 6, 7.

Request for Administrative Remedy,
to Warden, R. D. Andrews ............................. Page  8.

Warden R. D. Andrews's Response ...................... Page  9.

Regional Administrative Remedy Appeal ................ Page 10.

Regional Administrative Remedy Appeal
Response, from Mr. James E. Burrell .................. Page 11.

Central Office Administrative Remedy Appeal .......... Page 12.

Central Office Administrative Remedy Appeal
Response, from Mr. Harrell Watts ..................... Page 13.

Custody Classification Score after
arrival to T.C.I., .................................. Page 14.

Inmate Request to Staff, Mr. Bernie Ellis
Warden, and response to whether or not he
supports Mr. R. D. Andrew's position ..... Pages 15, 16, 17, 18.

(the first 14 pages of this table of contents was attached
to the above request to Mr. Ellis)

**NOTE:**

For the convenience of the reader the above contents are se-
quentially paginated in the bottom righthand corner of the page.

GE⊕

GLOBAL EXPERTISE IN OUTSOURCING

CORRECTIONAL PROGRAMS
ADMINISTRATIVE REMEDIES

## ATTEMPT AT INFORMAL RESOLUTION
( Request for Administrative Remedy )

To: _Mr. Parker, unit counselor of A3C_     Date: _August 6, 2004_

( Correctional Counselor Responsible for Response )

1. Write in this space, briefly, your complaint. Include all details and facts which support your request.

Upon my arrival at TCI I was assessed a custody point for serious violence by my case manager Ms. O'Neal. Prior to my arrival with more than 11 years in the system and over 22 custody audits I was never assessed this charge. See, Exhibit A, a copy of which is my last custody audit prior to my arrival at TCI. To assess me this point Ms. O'Neal relies on a statement from the victim of a violent crime that I was the

(continued on the next page)

What action do you wish to be taken to correct the situation ?

Readjust my classification score to reflect a history of no serious violence.

What have you done to informally resolve the matter ? Who have you talked to, Cop-Outs, etc.?

I spoke to Ms. O'Neal on August 5, 2004.

| Michael Christakis | 93846-012 | A3C-50L | 8-6-04 |
|---|---|---|---|
| Inmate's Name and Signature | Reg Number | Unit / Bed | Date: |

The Counselor who has attempted to resolve the matter informally will indicate below the efforts he / she has made. Be specific, but brief and provide to inmate.

According to program statement 5100.07 - severity of violence is defined according to the offense behavior. According to the offense behavior in this case, inmate Christakis should be scored with a history of serious violence.

**05 1727**

Counselor's Name and Signature: _Copy given to the inmate on 8/19/04_     Date: _8/2/04_

The Informal Resolution - Was / Was not - ( Circle One ) accomplished for the above noted reason.

FILED

Unit Manager _____

AUG 2 9 2005     _8/12/2004_
Date

(1)

(continued from the previous page)

perpetrator. See, Exhibit B, page 2 paragraph 3. The same victim made the statement that the perpetrator's "were wearing masks." See, Exhibit B, page 2 paragraph 1. From that statement one must conclude the victim does not know who the perpetrator's were. Evidenced by the fact I was never even charged with such a serious crime let alone convicted of it.

In any event, I am cognizant I can be assessed a point for relevant conduct. However, I was arrested for and convicted of receiving stolen property, nothing more, nothing less. Refer to the court record. See, Exhibit B, page 1 second paragraph from the bottom of the page. **The record is clear**, there is no mention of an arrest of a more serious charge with a pleading out to a lesser charge. The statement of the victim is not a finding of fact from the court nor is it a conclusion of law.

Therefore, consistent with the Bureau of Prisons analysis of the same facts and circumstances, I ask that my custody classification score be readjusted to reflect no history of serious violence.

Respectfully submitted,

Michael Christakis

August 6, 2004

05 1727

FILED

AUG 2 9 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT



```
TRMIA 600.00        *      SECURITY/DESIGNATION    *      05-14-2002
PAGE 001            *            DATA             *      16:29:15
     REGNO: 93846-012   NAME: CHRISTAKIS, MICHAEL DAVID              ORG: CL
RC/SEX/AGE: W/M/41  FORM D/T: 05-21-1991/0623   RES: SHERMAN OAKS, CA 91432
OFFN/CHG..: 21/846;841(A)(1): CONSP, POSS W/I TO DIST COCAINE - 292 MONTHS
            & 5 YEARS SUPV REL
CUSTODY...: IN          BIL:          SEN LIMT: NONE
CITIZENSHP: UNITED STATES OF AMERICA  PUB SAFETY: SENT LGTH
CIM CONSID: SEPARATION                         USM: C/CA
JUDGE.....: RAFEEDIE     REC FACL: TRM       REC PROG: NONE
DETAINER..: NONE         SEVERITY: HIGH       LENGTH..: 84 PLUS MOS (238
PRIOR.....: SERIOUS      ESCAPES.: NONE       VIOLENCE: > 10 YRS MINOR
PRECOMMT..: N/A          V/S DATE:            V/S LOC.:
                         SEC TOT.: 14       SCORED LEV: MEDIUM
CCM RMKS..: OFF INV 12 KILOS OF COCAINE. PRIOR INC POSS OF MARIJ '78, POSS
            OF CONT SUBS '80, BURGLARY '80, CARRYING A LOADED WEAPON IN
            PUBLIC '80, CONSP TO DIST COCAINE '80.VAM

FACL DESIG: TERMINAL ISL FCI      DESIG: WXR JMH 05-22-1991 DESIG REAS: MGMT
MGMT: JUD REC              MV EXP: 05-21-1992  SEN: N/A
DESIG RMKS:


G0002        MORE PAGES TO FOLLOW . . . .
```

05 1727

**FILED**

AUG 2 9 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

EXHIBIT A





| 42. | 5-3-86 and 7-16-86 | 496.1 PC: Receipt of stolen property; L.A. Co. Sup. Ct.- Van Nuys, CA., Case #A813806 | 9-17-86: 2 yrs. prison; 8-22-87: Par.; 1-3-88: Par revoked; 7-22-88: Par.; 7-12-89 Par revoked; 9-12-89: Par. | 4A1.1(a) 4A1.2(e)(1) 3 |

The above sentence was obtained from the defendant's CII rap sheet and probation and parole records. The presentence report prepared for the superior court reflects attorney representation.

According to a Los Angeles County Probation Report, on May 3, 1986, between 6:30 p.m. and 11:30 p.m., the defendant and in unknown companion burglarized a residential home in Encino, California, in which entry was gained by breaking a kitchen window. Over $40,000 worth of property was stolen, including expensive jewelry and silverware. About 11:35 p.m. the victim returned to his home and noticed a burglary had occurred. He observed the defendant and a companion walking across the front lawn towards his house. When he confronted them, they ran to a truck and drove away.

05. 1727

FILED
AUG 2 9 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

EXHIBIT B    13

PAGE I



On May 26, 1986, at approximately 11:15 p.m., the same victim was lying in bed in his home when the defendant and a companion broke a window to his house, and entered the bedroom. Both were wearing masks. One was armed with a sawed-off shotgun and the other with a revolver. They ordered the victim to "spread-eagle" on the floor, while pointing their weapons in the victim's face and threatening repeatedly to kill him. The victim's wife was then forced to lie next to her husband while the suspects opened a safe. Both victims were tied up and terrorized for over half an hour and repeatedly threatened with death. Over $100,000 worth of currency, jewelry, and guns were stolen.

On May 29, 1986, the LAPD Pawn Shop Detail determined that an exclusive set of silverware stolen from the victim's home in the first burglary had been sold to a Los Angeles jewelry dealer. The defendant used his own identification and left a receipt during the commission of this sale.

The victim, an attorney, informed the Los Angeles County Probation Office he was "100 percent positive" that the defendant was one of the two people that committed the crime.

California Department of Corrections parole records indicated that the defendant's first revocation revolved around a December 3, 1987 violation for possession revolved of cocaine (one kilo) and absconding; and that the defendant's second parole revocation concerned a January 19, 1989 violation for possession/use of marijuana and possession of cocaine for sale (two kilos). The CDC cumulative summary noted that, on his December 3, 1987 arrest, the defendant had approximately one pound of cocaine in his possession and that on his January 19, 1989 arrest, he had approximately five pounds of cocaine in his possession.

Criminal History Computation

42.   The criminal convictions listed above result in a total of 17
      criminal history points.                                        19

43.   The defendant committed the instant offense while on parole
      for the sentence imposed under Case No. A813806. Pursuant to
      Section 4A1.1(d), two points are added.                         +2

44.   Additionally, the defendant committed the instant offense less
      than two years after his release from prison on September 11,
      1989. Pursuant to Section 4A1.1(e), one point is added.         +1

45.   The total of the criminal history points is 22.

46.   Pursuant to Section 4B1.1 of the sentencing guidelines,
      defendant is a career offender if:

FILED

AUG 29 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

EXHIBIT B

PAGE 2

14

5





6.  **HISTORY OF VIOLENCE**.  Enter the appropriate number of points in the right-hand column to reflect any history of violence, **considering only those acts for which there are documented findings of guilt** (i.e., DHO, Court, Parole, Mandatory Release, or Supervised Release Violation).  This item includes the individual's entire background of criminal violence, **excluding the current term of confinement;**

>   (**EXCEPTION**: Any institution disciplinary hearing (UDC or DHO) finding of commission of a prohibited act committed during the current term of confinement is to be scored as a history item.**)

05 1727

FILED

AUG 2 9 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

EXHIBIT C PAGE 1



**State disciplinary findings are to be scored unless** there is documentation that the state disciplinary proceedings did not afford due process protection to the inmate.

Severity of violence is defined according to the offense behavior which resulted in a **conviction or finding of guilt.** History of Violence points combine both seriousness and recency of prior violent incidents to measure risk for violent behavior, where more points mean greater risk. Therefore, if there is more than one incident of violence, score the combination of seriousness and recency that yields the highest point score. Prior periods of incarceration will be considered a "history" item if the inmate was **physically** released from custody and then returned to serve either a violation or a new sentence. In determining time frames, use the date of the documented behavior. Documented information from juvenile or YCA adjudication can be used unless the record has been expunged or vacated.

**Table 8-5**

| HISTORY OF VIOLENCE | | |
|---|---|---|
| POINTS | YEARS | DEFINITION |
| 0 | None | No history of violence |
| 1 | > 10 Minor | Aggressive or intimidating behavior which **is not** likely to cause serious bodily harm or death (e.g., simple assault, fights, domestic disputes, etc.) **There must be a finding of guilt.** |
| 3 | 5 - 10 Minor | |
| 5 | < 5 Minor | |
| 2 | > 15 Serious | Aggressive or intimidating behavior which **is** likely to cause serious bodily harm or death (e.g., aggravated assault, domestic violence, intimidation involving a weapon, incidents involving arson or explosives, rape, etc.). **There must be a finding of guilt.** |
| 4 | 10 - 15 Serious | |
| 6 | 5 - 10 Serious | |
| 7 | < 5 Serious | |

**Example:** If an offender was found guilty of homicide 20 years ago and a simple assault 3 years ago, assign 5 points for the simple assault. Or in another case, the offender had guilty findings for homicide 12 years ago; aggravated assault 8 years ago; and fighting 2 years ago, score 6 points for the aggravated assault 8 years ago.

05 1727

FILED

AUG 2 9 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

EXHIBIT C PAGE 2.



Taft Correctional Institution                                  Request for Administrative Remedy

Type or use a ball-point pen. If a continuation page is required, submit two copies. If an Attempt at Informal Resolution was required, you must submit two copies. If attachments are needed, submit one copy (attachments will not be returned in accordance with policy).

| From: | Christakis, Michael D. | 93846-012 | A3C | 50L |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | QTR |

**Part A - REASON FOR REQUEST**

Because the informal resolution was not accomplished.

**Argument:** Program Statement 5100.07 is clear, "severity of violence is defined according to the offense behavior which resulted in a **conviction or finding of guilt**."

The offense behavior which resulted in a conviction or finding of guilt, is, Mr. Christakis sold a set of silverware to a Los Angeles jewelry dealer. See, Exhibit B, page 2 paragraph 2. That is the offense behavior which resulted in the charge and conviction of [Receipt of stolen property] and that does not warrant a finding of a history of serious violence.

All other statements must be considered pure conjecture at this point and not applicable under policy statement 5100.07.

Therefore, I ask that my custody classification score be readjusted to reflect no history of serious violence.

| 09-06-04 | |
|---|---|
| DATE | SIGNATURE OF REQUESTOR |

**Part B - RESPONSE**

*05 1727*

*FILED*

| DATE | WARDEN |
|---|---|

If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received by the Regional Office within twenty (20) calendar days of the date of this response. This includes mail time.

CASE NUMBER: _____ AUG 2 9 2005

**PART C - RECEIPT**

CASE NUMBER: _____ NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Return to: _____
| LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | QTR |

SUBJECT: _____

| DATE | SIGNATURE, RECIPIENT OF INSTITUTION REQUEST | CP-032  5/30/03 |
|---|---|---|
| | | DP FORM #1599 |

(8)

2004172-F1                           CHRISTAKIS, Michael                          93846-012
TCI - Main

Part B - Response

This is in response to your Institution Request for Administrative Remedy received on September 8, 2004. You are alleging you are being improperly scored with a history of serious violence due to information contained in your PSI which does not relate to the offense you were charged with. Specifically, you are requesting to have your custody classification score readjusted to reflect no serious history of violence.

Your request has been investigated. Program Statement 5100.07, indicates the severity of violence is defined according to the offense behavior which resulted in a finding of guilt. If there is more than one incident of violence, the most serious is used to determine severity. Our review revealed in 1986 you were convicted of Receipt of Stolen Property. The Presentence Investigation Report indicates your behavior regarding this offense indicated you and a companion broke into a house, made the victim lie on the floor "spread eagle", and pointed weapons in his face threatening to kill him. Additionally, your PSI indicates you and your companion made the victim's wife lay on the floor next to him, then tied the victim's up and terrorized them for over half an hour and repeatedly threatening them with death. P.S. 5100.07 defines serious violence as aggressive or intimidating behavior which is likely to cause serious bodily harm or death.

You contend you are being improperly scored with a history of serious violence due to information contained in your PSI which does not relate to the offense you were charged with. We find no evidence to support your claims. We find the behavior referenced in your PSI regarding your 1986 conviction for Receipt of Stolen Property should be considered a serious history of violence because of the aggressive and intimidating behavior which was likely to cause serious bodily harm or death which is in accordance with policy. Additionally, the Taft Correctional Institution nor the Bureau of Prisons has the authority to change your PSI. If you have written documentation which contradicts the information in your PSI, the unit staff can assist you in accordance with Program Statement 5800.11, page 19 [C]. **USPO procedures, however, do not allow for changes or addendums to be made to the Pre-sentence Investigation Report after sentencing since it is a court document."** If the USPO provides information to staff regarding your inquiry, the correspondence will be placed in your Inmate Central File and any other appropriate action will be taken.

The allegations and information presented in your appeal have been carefully reviewed and determined to be without merit. Based on the above-mentioned facts, your request for administrative relief is denied. You have exhausted all of your Administrative Remedies at this level.

If you are dissatisfied with the Warden's response, you may appeal to the Administrator, Privatization Management Branch, Correctional Programs Division, 320 First St. NW, Washington, D.C. 20534 on a BP-230 form (formerly BP-10), in accordance with P.S. 1330.13 and TCI Policy 12.006. Your appeal (BP-230) must be received by the Administrator, Privatization Management Branch within thirty (30) calendar days of the date of this response. This includes mail time.

**FILED**

9-10-0E
_____
Date

R. D. Andrews
_____
R. D. Andrews, Warden

**AUG 2 9 2005**

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

05 1727



U.S. Department of Justice    Case 1:05-cv-01727-HHK    Document 1    Regional Administrative Remedy Appeal    Filed 08/29/2005    Page 11 of 19

Federal Bureau of Prisons

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-DIR-9 including any attachments must be submitted with this appeal.

| From: | Christakis, Michael D. | 93846-012 | A3c | 50L |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A—REASON FOR APPEAL**

Because the Institution Request for Administrative Remedy was denied.

Argument: The Warden acknowledges that Program Statement 5100.07 states "The severity of violence is defined according to the offense behavior which resulted in a conviction or finding of guilt."

However, the Warden ignores the fact that there is only a conviction and finding of guilt of "Receipt of Stolen Property."

The Warden also states that P.S. 5100.07 defines serious violence as aggressive or intimidating behavior which is likely to cause serious bodily harm or death.

Conspicuously, the Warden does not cite the next sentence of the Program Statement. Which is printed in bold. **There must be a finding of guilt.**

Because there is no such finding I respectfully request that my custody classification score be readjusted to reflect no history of serious violence.

For the convenience of the reviewer a copy of P.S. 5100.07 is attached as Exhibit "C."

9-20-04
_____
DATE

_____
SIGNATURE OF REQUESTER

**Part B—RESPONSE**

05 1727

**FILED**

AUG 2 9 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

_____                    _____
DATE                                        REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 days of the date of this response.

ORIGINAL: RETURN TO INMATE                  CASE NUMBER: _____

**Part C—RECEIPT**

CASE NUMBER: _____

Return to: _____
| LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

SUBJECT: _____

_____                                        _____
USP LVN    DATE    Previous editions not usable ⊕    SIGNATURE RECIPIENT OF REGIONAL APPEAL

⑩

BP-230(13)
APRIL 1982

Regional Administrative Remedy Appeal 353622-R1
Part B Response


You are appealing the Warden's response to your claim your
custody classification form is incorrectly scored.  You claim you
were convicted only of Receipt of Stolen Property and your
custody classification score should not reflect a history of
serious violence.

Our review of this matter reveals the Warden adequately addressed
your concerns.  Program Statement 5100.07, <u>Security Designation
and Custody Classification Manual</u>, provides a history of violence
is determined by reviewing a person's entire background of
criminal violence, "considering only those acts for which there
are documented findings of guilt."  The policy further states,
"Severity of violence is defined according to the offense
behavior which resulted in a **conviction or finding of guilt.**"  As
the Warden indicated in his response, you were convicted of
Receipt of Stolen Property in 1986.  The behavior regarding this
offense, as detailed in your Presentence Report, includes you and
a co-defendant entering the victim's home, pointing weapons in
the victim's face, and threatening repeatedly to kill him.  You
then tied up the victim and his wife and terrorized them for over
half an hour while repeatedly threatening them with death.  Your
unit team determined this is aggressive or intimidating behavior
which is likely to cause serious bodily harm or death and, as
such, constitutes serious violence.  It is the intent of the
policy to identify an inmate's propensity toward violence, based
on the total offense behavior which resulted in a conviction.
Based on the behavior surrounding your conviction for Receipt of
Stolen Property, your custody classification score is accurate.

Based on the above, I find no basis for granting the requested
relief and your appeal is denied.  If you are dissatisfied with
this response, you may appeal to the Office of General Counsel,
Federal Bureau of Prisons, 320 First Street, N.W., Washington, DC
20534.  Your appeal must be received in the Office of General
Counsel within 30 calendar days from the date of this response.

*05-1727*

**FILED**

AUG 2 9 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

_10-25-04_
Date

_James E. Burell_
James E. Burrell, Administrator
Privatization Management Branch

**RECEIVED**

NOV 0 8 2004



(11)

U.S. Department of Justice

Federal Bureau of Prisons

Central Office Administrative Remedy Appeal

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP–DIR–9 and BP–DIR–10, including any attachments must be submitted with this appeal.

From: Christakis, Michael D.     93846-012     A3C     T.C.I.. Taft
     LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.     UNIT     INSTITUTION

**Part A—REASON FOR APPEAL**

Because the Regional Administrative Remedy Appeal was denied.

Argument: The Privatization Management Branch Administrator (Hereafter, P.M.B.A.) correctly states "Severity of violence is defined  according to the offence behavior which resulted in a **conviction or finding of guilt**."  The only offence which resulted in a conviction or finding of guilt is "Receipt of stolen property."  Therefore, the only behavior which may be considered, is, the behavior that resulted in the conviction and finding of guilt of Receipt of Stolen Property.  Which is on the second paragraph of page 2 of exhibit "B".  The P.M.B.A. correctly quotes Program Statement 5100.07 which provides **"considering only those acts for which there are documented findings of guilt."**
     The P.M.B.A. goes on to state: "Based on the behavior surrounding your conviction for Receipt of Stolen Property, your custody classification score is accurate."
     Program Statement 5100.07 does not provide for considering behavior surrounding a conviction.  The behavior surrounding my conviction of Receipt of Stolen Property (which I categorically deny taking any part in) is out of the scope of what may be considered when  defining severity of violence according to Program Statement 5100.07.  I respectfully request my custody classification score be readjusted. *Michael Christakis*

_11-12-04_                                                
     DATE                                                    SIGNATURE OF REQUESTER

**Part B—RESPONSE**

R E C E I V E D
NOV 2 2 2004
ADMINISTRATIVE REMEDY BRANCH

05 1727

FILED

AUG 2 9 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

_____               GENERAL COUNSEL
       DATE

ORIGINAL: RETURN TO INMATE                    CASE NUMBER: _35 3622-A1_

**Part C—RECEIPT**
                                       CASE NUMBER: _____

Return to: _____
         LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.        UNIT        INSTITUTION
SUBJECT: _____
                                                  ( 12 )

       DATE
USP LVN               Printed on Recycled Paper        SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL        BP-231(13)
                                                                      APRIL 1982

**Administrative Remedy No. 353622-A1**
**Part B - Response**

This is in response to your Central Office Administrative Remedy
Appeal in which you claim your Custody Classification Form has
been incorrectly scored to show a Serious History of Violence.
You request removal of points from your Custody Classification
form for a Serious History of Violence.

The issue raised is within the authority of the Warden as set
forth in Program Statement (P.S.) 5100.07, <u>Security Designation
and Custody Classification Manual</u>. P.S. 5100.07 states that
total offense behavior which resulted in a conviction or finding
of guilt is to be considered. Additionally, this P.S. directs
staff to enter the appropriate number of points to reflect any
history of violence, considering only those acts for which there
are documented findings of guilt. This item includes the
individual's entire background of criminal violence, excluding
the current term of confinement. P.S. 5100.07 defines a serious
history of violence as aggressive or intimidating behavior which
is likely to cause serious bodily harm or death (e.g., aggravated
assault, domestic violence, intimidation involving a weapon,
incidents involving arson or explosives, rape, etc.)

Records indicate you were convicted and sentenced in 1986 for
Receipt of Stolen Property. Specifically, your offense behavior
involved you and a companion entering the victim's home, pointing
weapons in the victim's face and threatening repeatedly to kill
him. Further, the victim and his wife were tied up and
terrorized for over half an hour and repeatedly threatened with
death. The Warden has determined this prior offense should be
considered a serious history of violence because of the
aggressive and intimidating behavior which was likely to cause
serious bodily harm. We find this decision to be within the
Warden's discretion and in compliance with policy.

Your appeal is denied.

05 1727

February 3, 2005
Date

Harrell Watts, Administrator
National Inmate Appeals

**FILED**

AUG 2 9 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

13

```
   TAFCO  606.00 *      MALE CUSTODY CLASSIFICATION FORM      *      04-08-2003
PAGE 001 OF 001                                                       18:27:23
                            (A) IDENTIFYING DATA
REG NO..: 93846-012              FORM DATE: 05-15-2002              ORG: TRM
NAME....: CHRISTAKIS, MICHAEL DAVID                             CR HX PT: 19
                                           MGTV: NONE
PUB SFTY: NONE                             MVED:
                            (B) BASE SCORING
DETAINER: (0) NONE                  SEVERITY.......: (3) MODERATE
MOS REL.: 112                       PRIOR..........: (3) SERIOUS
ESCAPES.: (1) > 10 YRS MINOR        VIOLENCE.......: (2) > 15 YRS SERIOUS
PRECOMMT: (0) N/A
                            (C) CUSTODY SCORING
TIME SERVED.....: (4) 26-75%        DRUG/ALC ABUSE.: (3) > 5 YRS
MENTAL STABILITY: (4) FAVORABLE     TYPE DISCIP RPT: (5) NONE
FREQ DISCIP RPT.: (3) NONE          RESPONSIBILITY.: (2) AVERAGE
FAMILY/COMMUN...: (4) GOOD

                    --- LEVEL AND CUSTODY SUMMARY ---
BASE CUST VARIANCE  SEC TOTAL   SCORED LEV MGMT SEC LEVEL  CUSTODY  CONSIDER
 +9  +25    -2        +7        LOW        N/A              IN      DECREASE


G0005       TRANSACTION SUCCESSFULLY COMPLETED - CONTINUE PROCESSING IF DESIRED
```



05 1727

**FILED**

AUG 2 9 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

14

GEO
GLOBAL EXPERTISE IN OUTSOURCING

CORRECTIONAL PROGRAMS

# TCI INMATE REQUEST TO STAFF

**NAME:** Michael Christakis          **REG #** 93846-012          **DATE:** 7-21-05

**Work Assignment:** Unit orderly          **Unit / Bed:** A3C-50L

NOTE: If you follow instructions in preparing your request, it can be disposed of more promptly and intelligently. You will be interviewed, if necessary, in order to satisfactorily handle your request. Your failure to specifically state your problem may result in no action being taken.

**TO:** Mr. Bernie Ellis, Warden
_____
(Name and Title of Officer)

**SUBJECT:** State completely but briefly the problem on which you desire assistance and what you think should be done. (Give details)

Respectfully: I am required to know if you concur with the position of former Warden, Mr. R. D. Andrews as to whether or not I should be assessed an additional custody classification point for a history of serious violence. To facilitate that determination see the attached 3 pages of argument and 14 pages of exhibits.

If you do not agree with Ms. Tammy O'Neil, Mr. R. D. Andrews, Mr. James E. Burrell and Mr. Harrell Watts please have the point for serious violence removed from my custody classification score.

**FILED**

Thank you for your time and consideration.

AUG 2 9 2005

NANCY MAYER WHITTINGTON, **CLERK**
U.S. DISTRICT COURT

**DISPOSITION:** (Do not write in this space)          **DATE:** 7-25-05          05 1727

Please note that policies are a guideline for proper classification of inmates. Being a party to pointing a shotgun in a victims face during a forced entry burglary and terrorizing the victim and his spouse, for over an hour, by threatening to kill them should be classified as a "history of violence"

Officer: _____

(15)

CP-039a  12/23/03

Shortly after my arrival to the Taft Correctional Instit-
ution (hereafter T.C.I.) on or about June 12, 2002 Case Manager
Ms. Tammy O'Neil (Ms. O'Neil is still employed within the inst-
itution, however, Ms. Shumaker is currently my Case Manager)
placed an additional custody classification point on me for
serious violence. (page 14) Prior to my arrival to T.C.I., I
had been incarcerated more than 11 years and gone through more
than 22 custody audits and I had not been assessed this point.
(page 3, a copy of which is my final custody classification
score before arriving at T.C.I.) I did have an assessment for
violence greater than 10 years-minor, and I stipulate this ass-
essment is accurate. (page 3)

### FACTS:

On May 3, 1986 a residential home in Encino, California
was burglarized. Over $40,000 worth of property was stolen,
including expensive jewelry and silverware. I categorically
deny taking part in this crime. I was neither charged, con-
victed, nor found guilty of this crime. (page 4)

On May 26, 1986 the same victim was lying in bed in his
home and robbed at gun point. Over $100,000 worth of property
was taken. I categorically deny taking part in this crime. I
was neither charged, convicted, nor found guilty of this crime.
(pages 4, 5)

On May 29, 1986 the plaintiff sold a silverware set to a
Los Angeles area jewelry dealer that was later determined to be
stolen from the victim's home in the May 3, 1986 burglary. I
was charged, convicted and found guilty of this crime and this
crime only. (pages 4, 5)

On August 6, 2004 I filed an Attempt at Informal Resolu-
tion (Request for Administrative Remedy) with Ms. Tammy O'Neil.
The Informal Resolution was not accomplished. (page 1)

In Ms. O'Neil's denial of the Attempt at Informal Resolut-
ion she relies on Program Statement 5100.07 (pages 6, 7) How-

FILED

AUG 2 9 2005

NANCY MAYER WHITTINGTON, C
U.S. DISTRICT COURT

1

ever, Program Statement 5100.07 clearly states **[consider]**
**only those acts for which there are documented findings of guilt.**
Program Statement 5100.07 goes on to say "serverity of violence
is defined according to the offense behavior which resulted in
a **conviction or finding of guilt.**" (pages 6, 7)

The only act that may be considered for purposes of a his-
tory of serious violence is the act, by me of selling a silver-
ware set to a Los Angeles area jewelry dealer, because that is
the only act that resulted in the conviction and finding of guilt
of receiving stolen property which Program Statement 5100.07
requires.

There was not a conviction or finding of guilt of the May
3, 1986 burglary by me, nor was there a conviction or finding of
guilt of the May 26, 1986 robbery be me either. (pages 4, 5)

Consistent with Program Statement 5100.07 there must be a
conviction and finding of guilt of the considered acts of vio-
lence for there to be an assessment of a history of serious vio-
lence. In this case there was clearly no such conviction. (pages
4, 5, 6, 7)

In the Attempt at Informal Resolution filing, I incorrectly
stated "I am cognizant I can be assessed a point for relevant
conduct." (page 2) Program Statement 5100.07 does not provide
for assessing a point for relevant conduct without convictions
or findings of guilt. (pages 6, 7)

On September 6, 2004 I filed a formal request for Administ-
rative Remedy with the Warden, Mr. R. D. Andrews. That request
was denied on September 10, 2004. In the denial Warden Andrews

05 1727

FILED

AUG 2 9 2005    EI

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

2

17

relied on the acts of the May 3, 1986 burglary and the May 26,
1986 robbery as predicate acts to the Receiving Stolen Property
conviction. (page 9) Here too, in accordance with Program State-
ment 5100.07 the acts of those two particular dates may not be
considered because there was not a conviction of either act.
(pages 4, 5, 6, 7)

On September 20, 2004 I filed a Regional Administrative
Appeal, to the Administrator, Mr. James E. Burrell, Privatiza-
tion Management Branch. The appeal was filed timely and receiv-
ed on September 27, 2004 by Mr. Burrell.

On October 25, 2004 Mr. James E. Burrell denied the appeal,
Mr. Burrell stated "Based on the behavior surrounding your con-
viction for Receipt of Stolen Property, your custody classific-
ation score is accurate." Program Statement 5100.07 does not
provide for considering behavior surrounding a conviction. The
acts that occurred on May 3, 1986 and May 26, 1986 may not be
considered. Program Statement 5100.07 is unambiguous in its
language, it clearly states **"[consider] only those acts for
which there are documented findings of guilt."**

On November 12, 2004 I timely filed a Central Office Admin-
istrative Remedy Appeal, to the Office of General Counsel, Fed-
eral Bureau of Prisons. The appeal was timely received.    **05 1727**

On February 3, 2005 Mr. Harrell Watts, Administrator, Nat-
ional Inmate Appeals denied my request. Mr. Watts erroneously **FILED**
relied on the alleged ( I use the word alleged because I was
never convicted nor found guilty of the purported act) act of
the May 26, 1986 robbery as the basis to deny me the relief
seek. Contrary to the provisions of Program Statement 5100.07.

AUG 2 9 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

3