UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL CHRISTAKIS, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 05-1727 (HHK) |
| BUREAU OF PRISONS, et. al. | ) |
| Defendants. | ) |

MOTION TO DISMISS OR IN THE ALTERNATIVE TO TRANSFER

Defendant Bureau of Prisons[1] respectfully moves the Court, pursuant to Federal Rule of Civil Procedure 12(b)(1), to dismiss this action against it for lack of subject matter jurisdiction. In the alternative, this case should be transferred to the United States District Court for the Eastern District of California, the most appropriate venue for this matter. In support of this motion, Defendant states as follows:

Plaintiff is an federal inmate currently housed at Taft Correctional Institution ("TCI") in Taft, California. (Complaint ("Compl.") at ¶ 4). He initiated this action on August 29, 2005, pursuant to the Administrative Procedure Act ("APA"), challenging the BOP's substantive decision regarding Plaintiff's security classification, and thus, placement within the BOP system. (Compl. at ¶ 19).

Specifically, Plaintiff alleges that, on or about June 12, 2002, he was assessed an additional security classification point for serious violence. (Compl. at ¶ 8). This assessment was based on BOP's application of Policy Statement ("PS") 5100.07, which prescribes that

---

[1] Plaintiff has also named two BOP officials, Harrell Watts and James Burrell, and two employees of the contract facility where Plaintiff is housed, Bernie Ellie and Tammy O'Neil, as Defendants. (Complaint at 1). While undersigned does not represent the contract employees, it appears that neither they nor the BOP officials have been sued in their individual capacities. Plaintiff has alleged no constitutional violations by these individuals and does not seek monetary damages. Moreover, Plaintiff has initiated suit under the Administrative Procedure Act ("APA") alleging improper agency action in its application of a BOP Policy Statement ("PS") as to him. "[A] court cannot grant relief against an individual under the APA." Daugherty v. United States, 212 F.Supp.2d 1279, 1285 (N.D.Okla. 2002); see 5 U.S.C. § 702. Thus, Defendant construes this case as properly against the BOP only.

"[s]everity of violence is defined according to the offense behavior which resulted in a conviction or finding of guilt." (Compl. Exhibt C at 2). Plaintiff asserts that BOP misinterpreted this language in assessing him an additional "violence point" for offense conduct including a violent home invasion, when he only pled guilty to the charge of receiving stolen property for possession of items stolen during the burglary. (Compl. at ¶ 15-18). Plaintiff further alleges that this additional "point" has harmed him because he "has been precluded from qualifying for a custody reduction from low to minimum." (Id. at ¶ 19).

This Court is precluded by statute from reviewing BOP's substantive decision regarding Plaintiff's security classification and designation within the prison system. Specifically, BOP's challenged action arises from the agency's discretionary authority pursuant to 18 U.S.C. § 3621(b). This provision is contained in the "Imprisonment" subchapter, which also includes 18 U.S.C. § 3625. See 18 U.S.C. §§ 3621-3626. This latter provision expressly states that the APA "does not apply to the making of any determination, decision, or order under this subchapter." 18 U.S.C. § 3625. Courts have conclusively found that 18 U.S.C. § 3625 robs the federal courts of subject matter jurisdiction to entertain a challenge, such as Plaintiff's, to the substantive determination of his security classification and prison placement. See Richmond v. Scibana, 387 F.3d 602, 605 (7th Cir. 2004) ("A placement decision itself is not open to challenge under the APA,"); Fristoe v. Thompson, 144 F.3d 627, 630-631 (10th Cir. 1998) (noting that § 3625 precludes review of the BOP's substantive decision in an individual case); Landry v. Hawk-Sawyer, 123 F.Supp.2d 17, 19 (D.D.C. 2000) (noting that judicial review of BOP substantive decision regarding a particular prisoner is precluded by 18 U.S.C. § 3625). See also Fullenwiley v. Wiley, 1999 WL 33504428 (N.D.N.Y. 1999) (federal courts lack jurisdiction over claim that BOP improperly classified prisoner). Thus, the Court lacks subject matter jurisdiction to entertain Plaintiff's claim of misclassification, and the instant action must be dismissed.

Alternatively, the Court should transfer this case to its most convenient and proper venue, the Eastern District of California. Pursuant to 28 U.S.C. § 1404(a), "[f]or the convenience of the

parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district of division where it might have been brought." In evaluating the appropriateness of transfer under this provision, the Court should consider the availability of evidence and the parties, including the prisoner himself, as well as where the alleged events occurred, and thus, where they are most easily challenged. See <u>Starnes v. McGuire</u>, 512 F.2d 918, 926-927 (D.C. Cir. 1974). In this case, the challenged classification decision took place at the institution level in Taft, California, where Plaintiff and all his records are housed. Indeed, the only connection between the challenged action and the District of Columbia is that the initial decision was appealed by Plaintiff to BOP officials whose offices are here. Moreover, this case involves no issue of national policy, but rather challenges a single application of a BOP PS. See <u>id.</u> at 929. Thus, if further litigation is required, the case can much more easily proceed in California, where Plaintiff, his records, and the initial decision-makers are all located.

    WHEREFORE, Defendant requests that this Court enter an order dismissing the action against it in this matter. In the alternative, Defendant requests that this action be transferred to the United States District Court for the Eastern District of California for the convenience of the parties and in the interest of justice.

Respectfully submitted,

_____
KENNETH L. WAINSTEIN, DC Bar #451058
United States Attorney

_____
R. CRAIG LAWRENCE, DC Bar #171538
Assistant United States Attorney

_____
KATHLEEN KONOPKA
Assistant United States Attorney

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that service of the foregoing Motion To Dismiss, or in the Alternative to Transfer and Proposed Order has been made by mailing copies thereof to:

MICHAEL CHRISTAKIS
Registration No. 93846-012
Taft Correctional Institution
P.O. Box 7001
Taft, CA 93268

on this ____ day of January, 2006

_____
KATHLEEN KONOPKA
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W.; Room E4412
Washington, D.C.  20001
(202) 616-5309