UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL CHRISTAKIS,                        )
                                           )
            Plaintiff,                     )
                                           )
      v.                                   )        Civil Action No. 05-1727 (HHK)
                                           )
BUREAU OF PRISONS, et. al.                 )
                                           )
                                           )
            Defendants.                    )
_____)

### DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO AMEND COMPLAINT AND REPLY IN FURTHER SUPPORT OF DEFENDANT'S MOTION TO DISMISS

Defendant Bureau of Prisons[1] respectfully submits the following reply in further support of its motion to dismiss this action against it for lack of subject matter jurisdiction and in response to Plaintiff's motion to amend complaint. Plaintiff's proposed amendment fails to establish the Court's jurisdiction over this matter. Thus, amendment would be futile and the case must be dismissed. In support of this motion, Defendant states as follows:

Plaintiff is an federal inmate currently housed at Taft Correctional Institution ("TCI") in Taft, California. (Complaint ("Compl.") at ¶ 4). He initiated this action on August 29, 2005, pursuant to the Administrative Procedure Act ("APA"), challenging the BOP's substantive decision regarding Plaintiff's security classification, and thus, placement within the BOP system. (Compl. at ¶ 19). Because the Court is statutorily precluded from reviewing such decisions,

---

[1]    As indicated in Defendant's motion to dismiss, Plaintiff has also named as defendants two BOP officials, Harrell Watts and James Burrell, and two employees of the contract facility where Plaintiff is housed, Bernie Ellie and Tammy O'Neil. (Complaint at 1). While undersigned does not represent the contract employees, it appears that neither they nor the BOP officials have been sued in their individual capacities. Plaintiff has alleged no constitutional violations by these individuals and does not seek monetary damages. Moreover, Plaintiff has initiated suit under the Administrative Procedure Act ("APA") alleging improper agency action in its application of a BOP Policy Statement ("PS") as to him. "[A] court cannot grant relief against an individual under the APA." Daugherty v. United States, 212 F.Supp.2d 1279, 1285 (N.D.Okla. 2002); see 5 U.S.C. § 702. Thus, Defendant construes this case as properly against the BOP only.

Defendant filed a motion to dismiss on January 23, 2006.[2]  Rather than opposing Defendant's motion, on February 23, 2006, Plaintiff filed a motion to amend his complaint.  Plaintiff's amended complaint does not appear to be materially different from his original complaint.  It likewise seeks relief under the APA from a substantive decision made by BOP regarding Plaintiff's security classification.  (Amended Complaint "Am. Compl." at  ¶ 20-26).[3]

As previously set forth in Defendant's motion to dismiss, the Court lacks jurisdiction to review BOP's determination.  See 18 U.S.C. § 3625 (the APA "does not apply to the making of any determination, decision, or order under this subchapter").  See also Richmond v. Scibana, 387 F.3d 602, 605 (7th Cir. 2004) ("A placement decision itself is not open to challenge under the APA,"); Fristoe v. Thompson, 144 F.3d 627, 630-631 (10th Cir. 1998) (noting that § 3625 precludes review of the BOP's substantive decision in an individual case); Landry v. Hawk-Sawyer, 123 F.Supp.2d 17, 19 (D.D.C. 2000) (noting that judicial review of BOP substantive decision regarding a particular prisoner is precluded by 18 U.S.C. § 3625); Fullenwiley v. Wiley, 1999 WL 33504428 (N.D.N.Y. 1999) (federal courts lack jurisdiction over claim that BOP improperly classified prisoner).

Plaintiff's amended complaint does not and cannot overcome the statutory preclusion of judicial review of the BOP's decision at issue in this case.  Thus, Plaintiff's proposed amendment to his complaint futile, see James Madison Ltd. v. Ludwig, 82 F.3d 1085, 1099 (D.C. Cir. 1996),

---

[2]    Defendant's motion alternatively requested that this case be transferred to the Eastern District of California, because of Plaintiff's, the witnesses' and Plaintiff's records' location in that jurisdiction. However, in light of the federal courts' lack of jurisdiction to entertain Plaintiff's claim, Defendant submits that dismissal is the most appropriate action.

[3]    Plaintiff also sets forth a cause of action for "Declaratory Relief" pursuant to 28 U.S.C. § 2201. (Am. Compl. at ¶ 20-22). This statute does not confer jurisdiction on the Court where it is otherwise lacking: "[i]n a case of actual controversy within its jurisdiction . . ." 28 U.S.C. § 2201(a) (emphasis added). Plaintiff further indicates that "this Court must decide all relevant questions of law, and interpret the constitutional, statutory, and policy . . . provisions in question . . ." (Am. Compl. at ¶ 26). It is well established that inmates do not have a constitutional interest in or right to a particular security classification. See, e.g. Neals v. Norwood, 59 F.3d 530, 533 (5th Cir. 1995) ("prison inmate does not have a protectable liberty or property interest in his custodial classification and an inmate's disagreement with a classification is insufficient to establish a constitutional violation").

cert. denied, 519 U.S. 1077 (1997), and Plaintiff's amended complaint, like his original one, is properly dismissed.

WHEREFORE, Defendant requests that this Court enter an order dismissing Plaintiff's amended complaint.

Respectfully submitted,

_____
KENNETH L. WAINSTEIN, DC Bar #451058
United States Attorney


_____
R. CRAIG LAWRENCE, DC Bar #171538
Assistant United States Attorney


_____
KATHLEEN KONOPKA
Assistant United States Attorney

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that service of the foregoing Response to Plaintiff's Motion to

Amend Complaint and Reply in Further Support of Motion To Dismiss has been made by

mailing a copy thereof to:

MICHAEL CHRISTAKIS
Registration No. 93846-012
Taft Correctional Institution
P.O. Box 7001
Taft, CA 93268

on this _____ day of March, 2006

 

_____
KATHLEEN KONOPKA
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W.; Room E4412
Washington, D.C.  20001
(202) 616-5309