Michael Christakis
Reg. No. 93846-012
Taft Correctional Inst.
Post Office Box 7001
Taft, California 93268

In pro se:

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Michael Christakis, | ) | CIVIL ACTION NO. |
| plaintiff, | ) | 05-1727(HHK) |
| | ) | |
| v. | ) | PLAINTIFF'S OPPOSITION |
| | ) | TO MOTION TO DISMISS |
| Federal Bureau of Prisons et. al., | ) | PURSUANT TO RULE 12 |
| Defendant's | ) | |

Plaintiff Michael Christakis, in pro se, respectfully submits his opposition to the Defendant's Motion to Dismiss the Amended Civil Complaint for Declaratory and other relief. The plaintiff, herein, asks this Court to deny the Motion to Dismiss and to Order the Defendants to answer the complaint pursuant to Rule 7 of the Federal Rules of Civil Procedure within thirty days of the Court's order.

### INTRODUCTION

As stated in the government's opposition, the plaintiff

RECEIVED
MAR 22 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

is a federal prisoner currently housed at the Correctional Institution at Taft, California ("Taft"). The plaintiff is informed and believes that Taft is a low security institution run by the GEO Group Inc., ("GEO") under contract to the Federal Bureau of Prisons ("BOP"). The plaintiff is also informed and believes the staff at Taft cannot make certain decisions as to custody scores, classifications and transfers to other federal institutions, without an employee of the BOP authorizing those decisions and recommendations.

Here, the plaintiff has made claims for relief against two types of defendants. First, employees of GEO who misinterpreted a specific Rule (Program Statement 5100.07) of the BOP concerning whether one custody point could be added to the plaintiff's custody classification score which had never been added to the plaintiff's custody classification score while he was serving his sentence at a BOP facility, and not at a contract facility. The second type of defendants are those Federal BOP employees who took the recommendations of GEO's employees and upheld the misinterpretation of the program statement in question.

In the defendant's Motion to Dismiss, the defendants attempt to have this Court believe the plaintiff is bringing this civil suit to "challenge the defendant's substantive decision regarding plaintiff's security classification, and thus, his placement within the BOP system." This is a

misinterpretation of the intent of plaintiff's motion. Therefore, the defendants' averment that the Court is "statutorily precluded from reviewing such decisions," citing Title 18 U.S.C. Section 3625 and various decisions by Federal District and Appellate Courts is erroneous. Thus, the defendants have misinterpreted the statute and rule of the BOP, and now have misinterpreted the claims made by the plaintiff in order to pursuade this Court to dismiss the complaint for lack of subject matter jurisdiction.

In this civil action the plaintiff is not alleging that he should have a certain custody classification. The plaintiff is not claiming the defendants, BOP, should transfer him to a specific type of institution or to a specific institution. Here, the plaintiff is alleging, 1) that the defendants who are of GEO and under contract as his custodians have misinterpreted the BOP Program Statement 5100.07, and 2) that the defendants who are federal employees have supported this misinterpretation of the Program Statement, and that this misinterpretation has added a point to his custody classification score which is preventing him from eligibility in certain programs for which he was eligible prior to his transfer to Taft.

**ARGUMENT**

The instant complaint cites two Sections of the federal law as to this Court's jurisdiction. The plaintiff's first cause of action against all defendants, asks for declaratory

relief under Title 28 U.S.C. Section 2201 et. seq. This Court has jurisdiction to hear this cause as to all defendants since, 1) some of the defendants are federal employees, and 2) there are federal statutes and rules of a federal agency which this Court must interpret. Therefore, this Court has subject matter jurisdiction to declare the rights of the parties, and make an appropriate order as to all the parties to this action, and to remedy the wrong caused by the defendants. A state court would have no jurisdiction over the federal employees as to federal questions. However, if present, this Court would have jurisdiction over state claims under its pendant jurisdiction. See, Kaufman v. Anglo-American School of Sofia, 28 F.3d 1223, 1225 (D.C. Cir. 1994) citing Teamsters et. al. v. Morton, 377 U.S. 252, 257 (1964).

This Court also has jurisdiction under the Administrative Procedures Act ("APA"), perhaps not to change a "substantive decision" as to the specific facility the plaintiff should be housed at (and the plaintiff is not seeking such). However, Title 5 U.S.C. Section 701 et. seq. was specifically enacted to allow aggrieved parties upon whom a government agency or a government employee has misapplied a federal statute or rule judicial review of the agency's or employee's actions. The Court should further interpret the application or misinterpretation of that rule or statute.

In support of their contentions that this Court has no jurisdiction to the plaintiff's claims under the APA, the defendants cite, Landry v. Hawk-Sawyer, 123 F.Supp 2d 17, 19 (D.C. Cir. 2000) claiming that the ruling set out in Landry, "that judicial review of BOP substantive decisions regarding a particular prisoner is precluded by 18 U.S.C. Section 3625," and thus, the Court is precluded from judicial review. [Gov. Opposition, page 2.] In Landry, the federal defendant, BOP, attempted, as here, to argue that this Court had no jurisdiction to hear the plaintiff's cause of action under the APA or under habeas corpus. This Court, in Landry ruled that, "Several courts that have recently considered similar claims have determined that jurisdiction to review the validity of the BOP's Program Statement may be appropriate under the APA." (citations omitted).

This Court, in Landry, went on to state the judicial review of a BOP substantive decision, for example, to grant or deny the plaintiff a custody reduction or a transfer to a camp is precluded by 18 U.S.C. Section 3625. However, here, as in Landry the plaintiff is not asking for a custody reduction, nor a transfer, nor a release. The plaintiff is asking this Court to interpret Program Statement 5100.07, specifically, the portion which states clearly, **"[consider] only those acts for which there are documented findings of guilt,"** to determine if the defendants interpreted the Program

5.

Statement correctly, and if not, to direct the defendants to follow the Program Statement as interpreted by this Court. This Court clearly has jurisdiction to hear such claims under Title 28 U.S.C. Sections 701 et. seq. <u>Landry</u>, at 19.

## CONCLUSION

For the reasons stated above, this Court should deny the defendant's Motion to Dismiss, and order the defendants to answer the complaint and order discovery to begin.

Dated this _19_ day of _March_ 2006.

Respectfully Submitted,

_[signature]_

Michael Christakis,

Plaintiff in pro se.

6.

# **CERTIFICATE OF SERVICE**

I, __Michael Christakis__ hereby certify that I have served a true and correct copy of the following:

<u>PLAINTIFF'S OPPOSITION
TO MOTION TO DISMISS
PURSUANT TO RULE 12</u>

Which is deemed filed at the time it was deposited in Taft Correctional Institution's internal mail system, since TCI has no separate system designed for legal mail, in accordance with Rule 4, Federal Rules of Appellate Procedure and Houston V. Lack, 108 S. Ct. 2379 (1988), by placing same in a sealed, first class postage prepaid envelope addressed to :

KATHLEEN KONOPKA
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W., Room E4412
Washington, D.C. 20001

and depositing same in the institution mail box at Taft Correctional Institution at Taft, California.

I declare, under penalty of perjury (Title 28 U.S.C. 1746), That the foregoing is true and correct.

Dated this __19__ day of __March__, __2006__.

_____
Michael Christakis