UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL CHRISTAKIS, )<br>             Plaintiff, )<br>          v. )<br>BUREAU OF PRISONS, et. al. )<br>             Defendants. ) | Civil Action No. 05-1727 (HHK) |

### DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Defendant Bureau of Prisons[1] respectfully submits the following reply in response to Plaintiff's opposition to Defendant's motion to dismiss. In addition to the points and authorities stated below, Defendant respectfully refers the Court to its response to Plaintiff's motion to amend complaint filed on March 1, 2006. (R.7).[2]

Plaintiff cannot establish the Court's jurisdiction over this matter. He bases his claim of jurisdiction on 28 U.S.C. § 2201 and the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 et seq. (R.8 at 4). The former does not confer jurisdiction on the Court where it is otherwise lacking: "[i]n a case of actual controversy within its jurisdiction . . ." 28 U.S.C. § 2201(a) (emphasis added). While the APA does provide the Court with jurisdiction to review certain agency action, such review is specifically precluded in this instance by statute. 18 U.S.C. § 3625

---

[1] As indicated in Defendant's motion to dismiss, Plaintiff has also named as defendants two BOP officials, Harrell Watts and James Burrell, and two employees of the contract facility where Plaintiff is housed, Bernie Ellie and Tammy O'Neil. (Complaint at 1). While undersigned does not represent the contract employees, it appears that neither they nor the BOP officials have been sued in their individual capacities. Plaintiff has alleged no constitutional violations by these individuals and does not seek monetary damages. Moreover, Plaintiff has initiated suit under the Administrative Procedure Act ("APA") alleging improper agency action in its application of a BOP Policy Statement ("PS") as to him. "[A] court cannot grant relief against an individual under the APA." Daugherty v. United States, 212 F.Supp.2d 1279, 1285 (N.D.Okla. 2002); see 5 U.S.C. § 702. Thus, Defendant construes this case as properly against the BOP only.

[2] An "R." followed by a number describes a document by reference to its placement in the Court's docket.

(the APA "does not apply to the making of any determination, decision, or order under this subchapter"). See also Richmond v. Scibana, 387 F.3d 602, 605 (7th Cir. 2004) ("A placement decision itself is not open to challenge under the APA,"); Fristoe v. Thompson, 144 F.3d 627, 630-631 (10th Cir. 1998) (noting that § 3625 precludes review of the BOP's substantive decision in an individual case); Landry v. Hawk-Sawyer, 123 F.Supp.2d 17, 19 (D.D.C. 2000) (noting that judicial review of BOP substantive decision regarding a particular prisoner is precluded by 18 U.S.C. § 3625); Fullenwiley v. Wiley, 1999 WL 33504428 (N.D.N.Y. 1999) (federal courts lack jurisdiction over claim that BOP improperly classified prisoner).

Plaintiff cannot overcome this statutory preclusion. He has not claimed in either his original or amended complaint that the BOP Policy Statement at issue is invalid or in contravention of statutory of constitutional mandates, nor does he have any basis to do so. Rather, Plaintiff claims that BOP "misinterpreted" and misapplied its valid Policy Statement (R.8 at 3 "defendants have misinterpreted the statute and rule of the BOP"), thus creating a substantively incorrect security classification "regarding a particular prisoner," Plaintiff. See Landy, 123 F.Supp.2d at 19. This is precisely the type of determination that the Court is precluded from reviewing pursuant to 18 U.S.C. § 3625. See Fullenwiley, 1999 WL 33504428 (court cannot review particular prisoner classification).

WHEREFORE, Defendant requests that this Court enter an order dismissing this action against it.

        Respectfully submitted,

        _____
        KENNETH L. WAINSTEIN, DC Bar #451058
        United States Attorney


        _____
        RUDOLPH C. CONTRERAS, DC Bar #434122
        Assistant United States Attorney


        _____
        KATHLEEN KONOPKA, DC BAR #495257
        Assistant United States Attorney

CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that service of the foregoing Reply to Plaintiff's Opposition to Motion to Dismiss has been made by mailing a copy thereof to:

MICHAEL CHRISTAKIS
Registration No. 93846-012
Taft Correctional Institution
P.O. Box 7001
Taft, CA 93268

on this ____ day of March, 2006

                                    _____
                                    KATHLEEN KONOPKA
                                    Assistant United States Attorney
                                    Judiciary Center Building
                                    555 4th Street, N.W.; Room E4412
                                    Washington, D.C.  20001
                                    (202) 616-5309

Case 1:05-cv-01727-HHK     Document 9     Filed 03/30/2006     Page 5 of 5