ORIGINAL

Michael Christakis
Reg. No. 93846-012
Taft Correctional Inst.
Post Office Box 7001
Taft, California 93268

In pro se:

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Michael Christakis, | ) | CIVIL ACTION NO.<br>05-1727(HHK) |
| Plaintiff, | ) | |
| | ) | AMENDED COMPLAINT FOR |
| v. | ) | DECLARATORY AND<br>INJUNCTIVE RELIEF: |
| | ) | |
| Federal Bureau of Prisons; its | ) | |
| principal agent Harrell Watts, | ) | |
| Administrator, National Inmates | ) | |
| Appeals; | ) | |
| James E. Burrell, Administrator, | ) | |
| Privatization Management Branch, | ) | |
| Bernie Ellis, Warden; | ) | |
| Tammy O'Neil, Case Manager; | ) | |
| | ) | |
| Defendants, | ) | |

I.

### PRELIMINARY STATEMENT

This action involves a civil complaint for Declaratory and

Injunctive Relief pursuant to Title 28 U.S.C. Section 2201 et.

seq., and Rule 65 of the Federal Rules of Civil Procedure

("Rule 65") as authorized by the Administrative Procedures Act.

("APA"), Title 5 U.S.C. Section 702 et. seq., brought by a

1.

prisoner in the custody of the Federal Bureau of Prisons
("BOP"), against the prison officals for not adhering to BOP
Program Statement 5100.07.

Allegations of pro se complaints are held to less strin-
gent standards than formal pleadings drafted by lawyers. 92 S.Ct.
594, 404, U.S. 519, 30 L.Ed. 2d 652 (1972).

## II.

### JURISDICTION

1.   This Court has jurisdiction to hear this action pursuant
to Title 28 U.S.C. Sections 1331, 1346, 2201, and 2202; Title
5 U.S.C. Sections 702 et. seq., and Rule 65.

## III.

### VENUE

2.   This Court has venue to hear this action pursuant to Title
28 U.S.C. Sections 1391 and 1406, since an agency action is
deemed "final" and reviewable under the APA when the agency
completes its decision-making process and the result of that
process is one that will directly affect the parties.

## IV.

### PARTIES

3.   Plaintiff, Michael Christakis, is currently a federal
prisoner held at Taft Correctional Institution (TCI), Post
Office Box 7001, Taft, California 93268.

4.   Defendant, BOP, is an agency of the United States of America.
Defendant, Mr. Harrell Watts, Administrator, National Inmate

2.

Appeals, Office of General Counsel, Federal Bureau of Prisons,
320 First Street N.W., Washington, D.C. 20534, is an employee
of the United States of America and is the individual who has
made the final agency action.

5.   Defendant, Mr. James E. Burrell, Administrator, Privati-
zation Management Branch, 320 First Street N.W., Washington,
D.C. 20534, who is the Administrator of Regional Appeals, for
the Federal Bureau of Prisons and is an employee of the United
States of America.

6.   Defendant officers are Ms. Tammy O'Neil, Case Manager, and
Mr. Bernie Ellis, Warden, of Taft Correctional Institution, at
1500 Cadet Road, Taft, California 93268, and are contractor
agents of the Federal Bureau of Prisons.

### V.

### FACTS APPLICABLE TO ALL CAUSES OF ACTION

7.   On May 3, 1986, a residential home in Encino, California
was burglarized. Over $40,000 worth of property was stolen,
including expensive jewelry and silverware. The plaintiff cate-
gorically denies taking part in this crime. The plaintiff **was not
convicted nor found guilty of this crime.** (Exhibit page 4)

8.   On May 26, 1986, the same victim was lying in bed in his
home and robbed at gun point. Over $100,000 worth of property
was taken. The victim and his spouse were threatened with death
in the course of this robbery. The plaintiff categorically denies
taking any part in this crime. The plaintiff **was not convicted**

3.

nor found guilty of this crime. (exhibit pages 4, 5)

9.    On May 29, 1986, the plaintiff sold a silverware set to a Los Angeles area jewelry dealer that was later determined to be stolen from the victim's home in the May 3, 1986, burglary. (Exhibit pages 4, 5)

10.    On July 16, 1986, plaintiff plead guilty to Receipt of Stolen Property and was subsequently sentenced to a term of two years in State Prison on September 17, 1986, in violation of California Penal Code 496.1. The plaintiff **was convicted and found guilty of this crime and this crime only.** (Exhibit pages 4, 5) There is nothing in the record that reflects a conviction of the May 3, 1986, burglary or the May 26, 1986, robbery. (Exhibit pages 4, 5)

11.    In the Attempt at Informal Resolution filing, the plaintiff incorrectly stated, "I am cognizant I can be assessed a point for relevant conduct." (Exhibit page 2) Program Statement 5100.07 does not provide for assessing a point for relevant conduct without a conviction or finding of guilt. (Exhibit pages 6, 7)

12.    Program Statement 5100.07 concerning the plaintiff's custody classification score states inter alia:

> "HISTORY OF VIOLENCE: Enter the appropriate number of points in the right hand column to reflect any history of violence, **considering only those acts for which there are documented findings of guilt.** (i.e., DHO, Court, Parole, Mandatory Release or Supervised Release Violations." (emphasis added)(Exhibit page 6)

> "Severity of violence is defined according to the

offense behavior which resulted in a **conviction or finding of guilt.** (emphasis added)

"Aggressive or intimidating behavior which **is** likely to cause serious bodily harm or death (e.g., aggravated assault, domestic violence, intimidation involving a weapon, incidents involving arson or explosives, rape, etc.). **There must be a finding of guilt.** (emphasis added)

(Exhibit pages 6, 7)

13. Shortly after the plaintiff's arrival to the Taft Correctional Institution on or about June 12, 2002, Case Manager, Ms. Tammy O'Neil (Ms. O'Neil is still employed within the institution, however, Ms. Shumaker is currently the plaintiff's Case Manager) placed an additional custody classification point on the plaintiff for a history of prior serious violence. (Exhibit page 14) Prior to plaintiff's arrival to TCI, the plaintiff had been incarcerated for more than 11 years at another institution and had gone through more than 22 custody audits. The plaintiff had not been assessed this point at any of these prior audits. (Exhibit page 3; a copy of which is plaintiff's final custody classification score before arriving at TCI). Plaintiff has an assessment for a prior history of minor violence that is more than 10 years old, and plaintiff stipulates that this assessment is accurate. (Exhibit page 3)

14. On August 6, 2004, plaintiff filed an Attempt at Informal Resolution (Request for Administrative Remedy) with Ms. Tammy O'Neil. The Attempt at Informal Resolution was not accomplished. (Exhibit page 1)

5.

15.  On September 6, 2004, plaintiff filed a formal Request
for Administrative Remedy with the Warden, Mr. R.D. Andrews
(DP Form #1599). That request was denied on September 10, 2004.
(Exhibit page 9)

16.  Warden Andrews has retired since the filings have begun
and had been succeeded by Mr. Bernie Ellis, who supports the
former Warden's position. (Exhibit page 15)

17.  On September 20, 2004, plaintiff filed a Regional Admini-
strative Appeal, to Mr. James E. Burrell, Administrator,
Privatization Management Branch. The appeal was filed timely
and received on September 27, 2004, by Mr. Burrell. On October
25, 2004, Mr. James E. Burrell denied the appeal. (Exhibit page
11)

18.  On November 12, 2004, plaintiff timely filed a Central
Office Administrative Remedy Appeal, to the Office of General
Counsel, Federal Bureau of Prisons. The appeal was timely
received. On February 3, 2005, Mr. Harrell Watts, Admini-
strator, National Inmate Appeals denied plaintiff's request.
(Exhibit page 13)

19.  This represents the final agency action and no further
remedies are available.

## VI.

### FIRST CAUSE OF ACTION FOR DECLARATORY RELIEF

20.  The plaintiff alleges the allegations set out in paragraphs

6.

1 thru 19 above as if fully set forth herein.

21.   In addition, for this cause of action, the plaintiff alleges that there is an actual controversy within the juris- diction of this Court, in that:

a)   The plaintiff alleges that he has not been convicted of a crime of serious violence (prior or otherwise) as defined in Program Statement 5100.07.

b)   The plaintiff argues that pursuant to Program Statement 5100.07, because he has not been convicted of a crime of serious violence in the past as defined in the Program Statement (5100.07), the defendants can not assess a custody classification point for a prior history of serious violence.

c)   The plaintiff argues that the defendants were in error when they assessed a custody classification point for a prior history of serious violence on or about June 12, 2002.

d)   The plaintiff argues that while incarcerated at the Federal Correctional Institution at Terminal Island for over 11 years the Bureau of Prisons correctly inter- preted Program Statement 5100.07 and never assessed the plaintiff this point for a prior history of serious violence.

22.   These defendants now allege the opposite. Therefore, it is appropriate that this Court declare the rights of the parties

7.

and determine whether or not the plaintiff is intitled to
further relief.

### VII.

**SECOND CAUSE OF ACTION FOR RELIEF PURSUANT TO THE "APA"**

23.   The plaintiff realleges the allegations set out in para-
graphs 1 thru 22 as if fully set forth herein.

24.   In addition, for this cause of action the plaintiff
alleges that he has suffered a legal wrong because of the
actions of the defendants set out in paragraphs 1 thru 22
above and is entitled to a review of those actions by this
Court.

25.   The actions of the defendants are reviewable because
these actions are considered a "final agency action" and
there is no other adequate remedy except to this Court at
this time.

26.   To the extent necessary to remedy the wrong caused by
the defendants to the plaintiff this Court must decide all
relevant questions of law, and interpret the constitutional,
statutory and policy (specifically, Program Statement 5100.07)
provisions in question and determine the meaning of the terms
of the defendants actions and then compel the defendants to
follow their own rules and regulations and correct the wrong
done to the plaintiff.

# VIII.

## CONCLUSION

THEREFORE, this Court should grant the following:

1.    Declare the rights of the parties as requested in the First Cause of Action.

2.    Pursuant to Title 5 U.S.C. Section 702 et. seq., order the defendants to follow the Rules, Regulations and Program Statement promulgated by the Bureau of Prisons, and in particular, to follow Program Statement 5100.07 as interpreted by this Court as to the plaintiff's allegations set out in the First Cause of Action.

3.    Order the defendants to remove the custody classification point for a prior history of serious violence.

4.    Award costs, and

5.    Grant any other relief this Court deems necessary to carry out the letter and spirit of this Court's Orders.

Signed this _20_ day of _FEBRUARY_ , 2006.
Respectfully submitted,

Michael Christakis

In pro se

E X H I B I T S

## TABLE OF CONTENTS:

Attempt at Informal Resolution ..................... Pages 1, 2.

Last Custody Classification Score
before arrival to T.C.I. ........................... Page   3.

Presentence Investigation (P.S.I.) ................. Pages 4, 5.

Program Statement 5100.07, concerning
how history of violence is defined ................. Pages 6, 7.

Request for Administrative Remedy,
to Warden, R. D. Andrews ........................... Page   8.

Warden R. D. Andrews's Response .................... Page   9.

Regional Administrative Remedy Appeal .............. Page  10.

Regional Administrative Remedy Appeal
Response, from Mr. James E. Burrell ................ Page  11.

Central Office Administrative Remedy Appeal ........ Page  12.

Central Office Administrative Remedy Appeal
Response, from Mr. Harrell Watts ................... Page  13.

Custody Classification Score after
arrival to T.C.I., ................................. Page  14.

Inmate Request to Staff, Mr. Bernie Ellis
Warden, and response to whether or not he
supports Mr. R. D. Andrew's position ..... Pages 15, 16, 17, 18.

(the first 14 pages of this table of contents was attached
to the above request to Mr. Ellis)

## NOTE:

For the convenience of the reader the above contents are se-
quentially paginated in the bottom righthand corner of the page.

ii

GEO
GLOBAL EXPERTISE IN OUTSOURCING

CORRECTIONAL PROGRAMS
ADMINISTRATIVE REMEDIES

## ATTEMPT AT INFORMAL RESOLUTION
### ( Request for Administrative Remedy )

To: Mr. Parker, unit counselor of A3C                    Date: August 6, 2004

( Correctional Counselor Responsible for Response )

1. Write in this space, briefly, your complaint. Include all details and facts which support your request.

Upon my arrival at TCI I was assessed a custody point for serious violence by my case manager Ms. O'Neal. Prior to my arrival with more than 11 years in the system and over 22 custody audits I was never assessed this charge. See. Exhibit A, a copy of which is my last custody audit prior to my arrival at TCI. To assess me this point Ms. O'Neal relies on a statement from the victim of a violent crime that I was the

(continued on the next page)

What action do you wish to be taken to correct the situation ?

Readjust my classification score to reflect a history of no serious violence.

What have you done to informally resolve the matter ? Who have you talked to. Cop-Outs, etc.?

I spoke to Ms. O'Neal on August 5, 2004.

Michael Christakis

_____          93846-012          A3C-50L          8-6-04
Inmate's Name and Signature        Reg Number         Unit / Bed        Date:

The Counselor who has attempted to resolve the matter informally will indicate below the efforts he / she has made. Be specific, but brief and provide to inmate.

According to program statement 5100.CO - severity of violence is defined according to the offense behavior. Referring to the offense behavior in this case, inmate Christakis should be scored with a history of serious violence.

Counselor's Name and Signature: _____    Date: 8/9/04
                                  Copy given to the inmate on 8/9/04

The Informal Resolution - Was / Was not - ( Circle One ) accomplished for the above noted reason.

Unit Manager _____              Date  8/12/2004

①

(continued from the previous page)

perpetrator. See, Exhibit B, page 2 paragraph 3. The same victim made the statement that the perpetrator's "were wearing masks."

See, Exhibit B, page 2 paragraph 1. From that statement one must conclude the victim does not know who the perpetrator's were. Evidenced by the fact I was never even charged with such a serious crime let alone convicted of it.

In any event, I am cognizant I can be assessed a point for relevant conduct. However, I was arrested for and convicted of receiving stolen property, nothing more, nothing less. Refer to the court record. See, Exhibit B, page 1 second paragraph from the bottom of the page. The record is clear, there is no mention of an arrest of a more serious charge with a pleading out to a lesser charge. The statement of the victim is not a finding of fact from the court nor is it a conclusion of law.

Therefore, consistent with the Bureau of Prisons analysis of the same facts and circumstances, I ask that my custody classification score be readjusted to reflect no history of serious violence.

Respectfully submitted,

Michael Christakis

August 6, 2004

2

PAGE 001          *                          DATA                              *      16:29:15
      REGNO: 93846-012   NAME: CHRISTAKIS, MICHAEL DAVID                          ORG: CI
RC/SEX/AGE: W/M/41   FORM D/T: 05-21-1991/0623   RES: SHERMAN OAKS, CA 91432
OFFN/CHG..: 21/846;841(A)(I): CONSP, POSS W/I TO DIST COCAINE - 292 MONTHS
            & 5 YEARS SUPV REL

CUSTODY...: IN          BIL:             SEN LIMT: NONE
CITIZENSHP: UNITED STATES OF AMERICA   PUB SAFETY: SENT LGTH
CIM CONSID: SEPARATION                                   USM: C/CA
JUDGE.....: RAFEEDIE      REC FACL: TRM           REC PROG: NONE
DETAINER..: NONE          SEVERITY: HIGH          LENGTH..: 84 PLUS MOS (238
PRIOR.....: SERIOUS       ESCAPES.: NONE          VIOLENCE: > 10 YRS MINOR
PRECOMMT..: N/A           V/S DATE:               V/S LOC.:
                          SEC TOT.: 14            SCORED LEV: MEDIUM
CCM RMKS..: OFF INV 12 KILOS OF COCAINE. PRIOR INC POSS OF MARIJ '78, POSS
            OF CONT SUBS '80, BURGLARY '80, CARRYING A LOADED WEAPON IN
            PUBLIC '80, CONSP TO DIST COCAINE '80.VAM

FACL DESIG: TERMINAL ISL FCI     DESIG: WXR JMH 05-22-1991 DESIG REAS: MGMT
MGMT: JUD REC              MV EXP: 05-21-1992  SEN: N/A
DESIG RMKS:


G0002       MORE PAGES TO FOLLOW . . .

EXHIBIT A



| 42. | 5-3-86 and 7-16-86 | 496.1 PC: Receipt of stolen property; L.A. Co. Sup. Ct.- Van Nuys, CA., Case #A813806 | 9-17-86: 2 yrs. prison; 8-22-87: Par.; 1-3-88: Par revoked; 7-22-88: Par.; 7-12-89 Par revoked; 9-12-89: Par. | 4A1.1(a) 4A1.2(e)(1) |
| --- | --- | --- | --- | --- |
| | | | | 3 |

The above sentence was obtained from the defendant's CII rap sheet and probation and parole records. The presentence report prepared for the superior court reflects attorney representation.

According to a Los Angeles County Probation Report, on May 3, 1986, between 6:30 p.m. and 11:30 p.m., the defendant and an unknown companion burglarized a residential home in Encino, California, in which entry was gained by breaking a kitchen window. Over $40,000 worth of property was stolen, including expensive jewelry and silverware. About 11:35 p.m., the victim returned to his home and noticed a burglary had occurred. He observed the defendant and a companion walking across the front lawn towards his house. When he confronted them, they ran to a truck and drove away.

EXHIBIT A      13

(4)

On May 26, 1986, at approximately 11:15 p.m., the same victim was lying in bed in his home when the defendant and a companion broke a window to his house, and entered the bedroom. Both were wearing masks. One was armed with a sawed-off shotgun and the other with a revolver. They ordered the victim to "spread-eagle" on the floor, while pointing their weapons in the victim's face and threatening repeatedly to kill him. The victim's wife was then forced to lie next to her husband while the suspects opened a safe. Both victims were tied up and terrorized for over half an hour and repeatedly threatened with death. Over $100,000 worth of currency, jewelry, and guns were stolen.

On May 29, 1986, the LAPD Pawn Shop Detail determined that an exclusive set of silverware stolen from the victim's home in the first burglary had been sold to a Los Angeles jewelry dealer. The defendant used his own identification and left a receipt during the commission of this sale.

The victim, an attorney, informed the Los Angeles County Probation Office he was "100 percent positive" that the defendant was one of the two people that committed the crime.

California Department of Corrections parole records indicated that the defendant's first revocation revolved around a December 3, 1987 violation for possession of cocaine (one kilo) and absconding; and that the defendant's second parole revocation concerned a January 19, 1989 violation for possession/use of marijuana and possession of cocaine for sale (two kilos). The CDC cumulative summary noted that, on his December 3, 1987 arrest, the defendant had approximately one pound of cocaine in his possession and that on his January 19, 1989 arrest, he had approximately five pounds of cocaine in his possession.

Criminal History Computation

42.  The criminal convictions listed above result in a total of 19 criminal history points.                                                        19

43.  The defendant committed the instant offense while on parole for the sentence imposed under Case No. A813806. Pursuant to Section 4A1.1(d), two points are added.                              +2

44.  Additionally, the defendant committed the instant offense less than two years after his release from prison on September 12, 1989. Pursuant to Section 4A1.1(e), one point is added.    +1

45.  The total of the criminal history points is 22.                22

46.  Pursuant to Section 4B1.1 of the sentencing guidelines, the defendant is a career offender if:

EXHIBIT B        14

(5)





6.  **HISTORY OF VIOLENCE.**   Enter the appropriate number of points in the right-hand column to reflect any history of violence, **considering only those acts for which there are documented findings of guilt** (i.e., DHC, Court, Parole, Mandatory Release, or Supervised Release Violation). This item includes the individual's entire background of criminal violence, **excluding the current term of confinement;**

> (**\*\*EXCEPTION**: Any institution disciplinary hearing (UDC or DHO) finding of commission of a prohibited act committed during the current term of confinement is to be scored as a history item.**\*\***)

EXHIBIT C PAGE I



**State disciplinary findings are to be scored unless** there is documentation that the state disciplinary proceedings did not afford due process protection to the inmate.

Severity of violence is defined according to the offense behavior which resulted in a **conviction or finding of guilt**. History of Violence points combine both seriousness and recency of prior violent incidents to measure risk for violent behavior, where more points mean greater risk. Therefore, if there is more than one incident of violence, score the combination of seriousness and recency that yields the highest point score. Prior periods of incarceration will be considered a "history" item if the inmate was **physically** released from custody and then returned to serve either a violation or a new sentence. In determining time frames, use the date of the documented behavior. Documented information from juvenile or YCA adjudication can be used unless the record has been expunged or vacated.

## Table 8-5

| POINTS | YEARS | HISTORY OF VIOLENCE DEFINITION |
|--------|-------|-------------------------------|
| 0 | None | No history of violence |
| 1 | > 10 Minor | Aggressive or intimidating behavior which **is not likely to cause serious** bodily harm or death (e.g., simple assault, fights, domestic disputes, etc.) **There must be a finding of guilt.** |
| 3 | 5 - 10 Minor | |
| 5 | < 5 Minor | |
| 2 | > 15 Serious | Aggressive or intimidating behavior which **is likely to cause serious** bodily harm or death (e.g., aggravated assault, domestic violence, intimidation involving a weapon, incidents involving arson or explosives, rape, etc.). **There must be a finding of guilt.** |
| 4 | 10 - 15 Serious | |
| 6 | 5 - 10 Serious | |
| 7 | < 5 Serious | |

**Example:** If an offender was found guilty of homicide 20 years ago and a simple assault 3 years ago, assign 5 points for the simple assault. Or in another case, the offender had guilty findings for homicide 12 years ago; aggravated assault 8 years ago; and fighting 2 years ago, score 6 points for the aggravated assault 8 years ago.

EXHIBIT C PAGE 2.



Type or use a ball-point pen. If a continuation page is required, submit two copies. If an Attempt at Informal Resolution was required, you must submit two copies. If attachments are needed, submit one copy (attachments will not be returned in accordance with policy).

| From: | Christakis, Michael D. | 93846-012 | A3C | 50L |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | QTR |

**Part A - REASON FOR REQUEST**

Because the informal resolution was not accomplished.

**Argument:** Program Statement 5100.07 is clear, "severity of violence is defined according to the offense behavior which resulted in a conviction or finding of guilt."

The offense behavior which resulted in a conviction or finding of guilt, is, Mr. Christakis sold a set of silverware to a Los Angeles jewelry dealer. See, Exhibit B, page 2 paragraph 2. That is the offense behavior which resulted in the charge and conviction of [Receipt of stolen property] and that does not warrant a finding of a history of serious violence.

All other statements must be considered pure conjecture at this point and not applicable under policy statement 5100.07.

Therefore, I ask that my custody classification score be readjusted to reflect no history of serious violence.

| 09-06-04 | |
|---|---|
| DATE | SIGNATURE OF REQUESTOR |

**Part B - RESPONSE**

| | |
|---|---|
| DATE | WARDEN |

If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received by the Regional Office within twenty (20) calendar days of the date of this response. This includes mail time.

CASE NUMBER: _____

**PART C - RECEIPT**

CASE NUMBER: _____

Return to _____

| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO | UNIT | QTR |
|---|---|---|---|---|

SUBJECT _____

| | |
|---|---|
| DATE | SIGNATURE, RECIPIENT OF INSTITUTION PAGE UNIT |

2004172-F1                         CHRISTAKIS, Michael                         93846-012
TCI - Main

Part B - Response

This is in response to your Institution Request for Administrative Remedy received on September 8, 2004. You are alleging you are being improperly scored with a history of serious violence due to information contained in your PSI which does not relate to the offense you were charged with. Specifically, you are requesting to have your custody classification score readjusted to reflect no serious history of violence.

Your request has been investigated. Program Statement 5100.07, indicates the severity of violence is defined according to the offense behavior which resulted in a finding of guilt. If there is more than one incident of violence, the most serious is used to determine severity. Our review revealed in 1986 you were convicted of Receipt of Stolen Property. The Presentence Investigation Report indicates your behavior regarding this offense indicated you and a companion broke into a house, made the victim lie on the floor "spread eagle", and pointed weapons in his face threatening to kill him. Additionally, your PSI indicates you and your companion made the victim's wife lay on the floor next to him, then tied the victim's up and terrorized them for over half an hour and repeatedly threatening them with death. P.S. 5100.07 defines serious violence as aggressive or intimidating behavior which is likely to cause serious bodily harm or death.

You contend you are being improperly scored with a history of serious violence due to information contained in your PSI which does not relate to the offense you were charged with. We find no evidence to support your claims. We find the behavior referenced in your PSI regarding your 1986 conviction for Receipt of Stolen Property should be considered a serious history of violence because of the aggressive and intimidating behavior which was likely to cause serious bodily harm or death which is in accordance with policy. Additionally, the Taft Correctional Institution nor the Bureau of Prisons has the authority to change your PSI. If you have written documentation which contradicts the information in your PSI, the unit staff can assist you in accordance with Program Statement 5800.11, page 19 [C]. USPO procedures, however, do not allow for changes or addendums to be made to the Pre-sentence Investigation Report after sentencing since it is a court document." If the USPO provides information to staff regarding your inquiry, the correspondence will be placed in your Inmate Central File and any other appropriate action will be taken.

The allegations and information presented in your appeal have been carefully reviewed and determined to be without merit. Based on the above-mentioned facts, your request for administrative relief is denied. You have exhausted all of your Administrative Remedies at this level.

If you are dissatisfied with the Warden's response, you may appeal to the Administrator, Privatization Management Branch, Correctional Programs Division, 320 First St, NW, Washington, D.C. 20534 on a BP-230 form (formerly BP-10), in accordance with P.S. 1330.13 and TCI Policy 12.006. Your appeal (BP-230) must be received by the Administrator, Privatization Management Branch within thirty (30) calendar days of the date of this response. This includes mail time.

_9-10-06_
Date

R. D. Andrews, Warden

(9)

U.S. Department of Justice

Federal Bureau of Prisons

**Regional Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-DIR-9 including any attachments must be submitted with this appeal.

| From: | Christakis, Michael. D. | 93846-012 | A3c | 50L |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A—REASON FOR APPEAL**

Because the Institution Request for Administrative Remedy was denied.

Argument: The Warden acknowledges that Program Statement 5100.07 states "The severity of violence is defined according to the offense behavior which resulted in a conviction or finding of guilt."

However, the Warden ignores the fact that there is only a conviction and finding of guilt of "Receipt of Stolen Property."

The Warden also states that P.S. 5100.07 defines serious violence as aggressive or intimidating behavior which is likely to cause serious bodily harm or death.

Conspiciously, the Warden does not cite the next sentence of the Program Statement. Which is printed in bold. **There must be a finding of guilt.**

Because there is no such finding I respectfully request that my custody classification score be readjusted to reflect no history of serious violence.

For the convenience of the reviewer a copy of P.S. 5100.07 is attached as Exhibit "C."

| 9-20-04 | |
|---|---|
| DATE | SIGNATURE OF REQUESTER |

**Part B—RESPONSE**

| | |
|---|---|
| DATE | REGIONAL DIRECTOR |

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE          CASE NUMBER: _____

**Part C—RECEIPT**

CASE NUMBER: _____

Return to: _____

LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.          UNIT          INSTITUTION

SUBJECT: _____

Regional Administrative Remedy Appeal 353622-R1
Part B Response

You are appealing the Warden's response to your claim your
custody classification form is incorrectly scored. You claim you
were convicted only of Receipt of Stolen Property and your
custody classification score should not reflect a history of
serious violence.

Our review of this matter reveals the Warden adequately addressed
your concerns. Program Statement 5100.07, <u>Security Designation</u>
<u>and Custody Classification Manual</u>, provides a history of violence
is determined by reviewing a person's entire background of
criminal violence, "considering only those acts for which there
are documented findings of guilt." The policy further states,
"Severity of violence is defined according to the offense
behavior which resulted in a **conviction or finding of guilt.**" As
the Warden indicated in his response, you were convicted of
Receipt of Stolen Property in 1986. The behavior regarding this
offense, as detailed in your Presentence Report, includes you and
a co-defendant entering the victim's home, pointing weapons in
the victim's face, and threatening repeatedly to kill him. You
then tied up the victim and his wife and terrorized them for over
half an hour while repeatedly threatening them with death. Your
unit team determined this is aggressive or intimidating behavior
which is likely to cause serious bodily harm or death and, as
such, constitutes serious violence. It is the intent of the
policy to identify an inmate's propensity toward violence, based
on the total offense behavior which resulted in a conviction.
Based on the behavior surrounding your conviction for Receipt of
Stolen Property, your custody classification score is accurate.

Based on the above, I find no basis for granting the requested
relief and your appeal is denied. If you are dissatisfied with
this response, you may appeal to the Office of General Counsel,
Federal Bureau of Prisons, 320 First Street, N.W., Washington, DC
20534. Your appeal must be received in the Office of General
Counsel within 30 calendar days from the date of this response.

10-25-04
Date

James E. Burrell
James E. Burrell, Administrator
Privatization Management Branch

RECEIVED

NOV 0 8 2004

11

**U.S. Department of Justice**                    Central Office Administrative Remedy Appeal

Federal Bureau of Prisons

Type or use ball–point pen. If attachments are needed, submit four copies. One copy each of the completed BP–DIR–9 and BP–DIR–10, including any attachments must be submitted with this appeal.

From: _____ Christakis, Michael D. _____ — ___ 93846-012 ___ | __ A3C __ | __ T.C.I.. Taft __
              LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.         UNIT          INSTITUTION

**Part A—REASON FOR APPEAL**

Because the Regional Administrative Remedy Appeal was denied.

Argument: The Privatization Management Branch Administrator (Hereafter, P.M.B.A.) correctly states "Severity of violence <u>is defined</u> according to the <u>offence behavior which resulted in a conviction or finding of guilt</u>." The only offence which resulted in a <u>conviction or finding of guilt is "Receipt of stolen property</u>." Therefore, the only behavior which may be considered, <u>is</u>, the behavior that resulted in the conviction and finding of guilt of Receipt of Stolen Property. Which is on the second paragraph of page 2 of exhibit "B". The P.M.B.A. correctly quotes Program Statement 5100.07 which provides **"considering <u>only</u> those acts for which there are documented findings of guilt."**
    The P.M.B.A. goes on to state: "Based on <u>the behavior surrounding your conviction</u> for Receipt of Stolen Property, your custody classification score is accurate."
    Program Statement 5100.07 does not provide for considering behavior surrounding a conviction. The behavior surrounding my conviction of Receipt of Stolen Property (which I categorically deny taking any part in) is out of the scope of what may be considered when defining severity of violence according to Program Statement 5100.07. I respectfully request my custody classification score be reedjusted. _Michael Christakis_

_11-12-04_                                                              _____
      DATE                                                             SIGNATURE OF REQUESTER

**Part B—RESPONSE**

```
RECEIVED
NOV 2 2 2004
ADMINISTRATIVE REMEDY BRANCH
```

_____                              GENERAL COUNSEL
      DATE
ORIGINAL: RETURN TO INMATE.                  CASE NUMBER: _353622-A1_
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
**Part C—RECEIPT**

                                             CASE NUMBER: _____

Return to: _____
              LAST NAME, FIRST, MIDDLE INITIAL       REG. NO.      UNIT      INSTITUTION
SUBJECT: _____

_____         ⊛                    _____          BP–231(13)
      DATE                                    SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL   APRIL 1982
USP LVN

**Administrative Remedy No. 353622-A1**
**Part B - Response**

This is in response to your Central Office Administrative Remedy
Appeal in which you claim your Custody Classification Form has
been incorrectly scored to show a Serious History of Violence.
You request removal of points from your Custody Classification
form for a Serious History of Violence.

The issue raised is within the authority of the Warden as set
forth in Program Statement (P.S.) 5100.07, Security Designation
and Custody Classification Manual. P.S. 5100.07 states that
total offense behavior which resulted in a conviction or finding
of guilt is to be considered. Additionally, this P.S. directs
staff to enter the appropriate number of points to reflect any
history of violence, considering only those acts for which there
are documented findings of guilt. This item includes the
individual's entire background of criminal violence, excluding
the current term of confinement. P.S. 5100.07 defines a serious
history of violence as aggressive or intimidating behavior which
is likely to cause serious bodily harm or death (e.g., aggravated
assault, domestic violence, intimidation involving a weapon,
incidents involving arson or explosives, rape, etc.)

Records indicate you were convicted and sentenced in 1986 for
Receipt of Stolen Property. Specifically, your offense behavior
involved you and a companion entering the victim's home, pointing
weapons in the victim's face and threatening repeatedly to kill
him. Further, the victim and his wife were tied up and
terrorized for over half an hour and repeatedly threatened with
death. The Warden has determined this prior offense should be
considered a serious history of violence because of the
aggressive and intimidating behavior which was likely to cause
serious bodily harm. We find this decision to be within the
Warden's discretion and in compliance with policy.

Your appeal is denied.

_____ February 3, 2005
Date

_____
Harrell Watts, Administrator
National Inmate Appeals

13

```
   TAFCO  606.00 *       MALE CUSTODY CLASSIFICATION FORM      *      04-08-2003
PAGE 001 OF 001                                                      18:27:23
                              (A) IDENTIFYING DATA
 REG NO..: 93846-012              FORM DATE: 05-15-2002              ORG: TRM
 NAME....: CHRISTAKIS, MICHAEL DAVID                           CR HX PT: 19
                                        MGTV: NONE
 PUB SFTY: NONE                         MVED:
                              (B) BASE SCORING
 DETAINER: (0) NONE              SEVERITY.......: (3) MODERATE
 MOS REL.: 112                   PRIOR..........: (3) SERIOUS
 ESCAPES.: (1) > 10 YRS MINOR    VIOLENCE.......: (2) > 15 YRS SERIOUS
 PRECOMMT: (0) N/A
                              (C) CUSTODY SCORING
 TIME SERVED.....: (4) 26-75%     DRUG/ALC ABUSE.: (3) > 5 YRS
 MENTAL STABILITY: (4) FAVORABLE  TYPE DISCIP RPT: (5) NONE
 FREQ DISCIP RPT.: (3) NONE       RESPONSIBILITY.: (2) AVERAGE
 FAMILY/COMMUN...: (4) GOOD

                      --- LEVEL AND CUSTODY SUMMARY ---
 BASE CUST VARIANCE  SEC TOTAL  SCORED LEV MGMT SEC LEVEL  CUSTODY  CONSIDER
 +9   +25    -2        +7        LOW        N/A              IN      DECREASE


 G0005      TRANSACTION SUCCESSFULLY COMPLETED - CONTINUE PROCESSING IF DESIRED
```

14

CORRECTIONAL PROGRAMS

# TCI INMATE REQUEST TO STAFF

**NAME:** Michael Christakis      **REG #** 93846-012      **DATE:** 7-21-05

**Work Assignment:** Unit orderly      **Unit / Bed:** A3C-50L

NOTE: If you follow instructions in preparing your request, it can be disposed of more promptly and intelligently. You will be interviewed, if necessary, in order to satisfactorily handle your request. Your failure to specifically state your problem may result in no action being taken.

**TO:** Mr. Bernie Ellis, Warden
          (Name and Title of Officer)

**SUBJECT:** State completely but briefly the problem on which you desire assistance and what you think should be done. (Give details)

Respectifully: I am required to know if you concur with the position of former Warden, Mr. R. D. Andrews as to whether or not I should be assessed an additional custody classification point for a history of serious violence. To facilitate that determination see the attached 3 pages of argument and 14 pages of exhibits.

If you do not agree with Ms. Tammy O'Neil, Mr. R. D. Andrews, Mr. James E. Burrell and Mr. Harrell Watts please have the point for serious violence removed from my custody classification score.

Thank you for your time and consideration.

**DISPOSITION:** (Do not write in this space)      **DATE:** 7-25-05

Please note that policies are a guideline for proper classification of inmates. Being a party to pointing a shotgun in a victims face during a forced entry burglary and terrorizing the victim and his spouse, for over an hour, by threatening to kill them should be classified as a "history of violence."

Officer: _____

15

CP-039a  12/23/03

Shortly after my arrival to the Taft Correctional Instit-
ution (hereafter T.C.I.) on or about June 12, 2002 Case Manager
Ms. Tammy O'Neil (Ms. O'Neil is still employed within the inst-
itution, however, Ms. Shumaker is currently my Case Manager)
placed an additional custody classification point on me for
serious violence. (page 14) Prior to my arrival to T.C.I., I
had been incarcerated more than 11 years and gone through more
than 22 custody audits and I had not been assessed this point.
(page 3, a copy of which is my final custody classification
score before arriving at T.C.I.) I did have an assessment for
violence greater than 10 years-minor, and I stipulate this ass-
essment is accurate. (page 3)

### FACTS:

On May 3, 1986 a residential home in Encino, California
was burglarized. Over $40,000 worth of property was stolen,
including expensive jewelry and silverware. I categorically
deny taking part in this crime. I was neither charged, con-
victed, nor found guilty of this crime. (page 4)

On May 26, 1986 the same victim was lying in bed in his
home and robbed at gun point. Over $100,000 worth of property
was taken. I categorically deny taking part in this crime. I
was neither charged, convicted, nor found guilty of this crime.
(pages 4, 5)

On May 29, 1986 the plaintiff sold a silverware set to a
Los Angeles area jewelry dealer that was later determined to be
stolen from the victim's home in the May 3, 1986 burglary. I
was charged, convicted and found guilty of this crime and this
crime only. (pages 4, 5)

On August 6, 2004 I filed an Attempt at Informal Resolu-
tion (Request for Administrative Remedy) with Ms. Tammy O'Neil.
The Informal Resolution was not accomplished. (page 1)

In Ms. O'Neil's denial of the Attempt at Informal Resolut-
ion she relies on Program Statement 5100.07 (pages 6, 7) How-

1

ever, Program Statement 5100.07 clearly states **[consider]**
**only those acts for which there are documented findings of guilt.**
Program Statement 5100.07 goes on to say "serverity of violence
is defined according to the offense behavior which resulted in
a **conviction or finding of guilt.**" (pages 6, 7)

The only act that may be considered for purposes of a his-
tory of serious violence is the act, by me of selling a silver-
ware set to a Los Angeles area jewelry dealer, because that is
the only act that resulted in the conviction and finding of guilt
of receiving stolen property which Program Statement 5100.07
requires.

There was not a conviction or finding of guilt of the May
3, 1986 burglary by me, nor was there a conviction or finding of
guilt of the May 26, 1986 robbery be me either. (pages 4, 5)

Consistent with Program Statement 5100.07 there must be a
conviction and finding of guilt of the considered acts of vio-
lence for there to be an assessment of a history of serious vio-
lence. In this case there was clearly no such conviction. (pages
4, 5, 6, 7)

In the Attempt at Informal Resolution filing, I incorrectly
stated "I am cognizant I can be assessed a point for relevant
conduct." (page 2) Program Statement 5100.07 does not provide
for assessing a point for relevant conduct without convictions,
or findings of guilt. (pages 6, 7)

On September 6, 2004 I filed a formal request for Administ-
rative Remedy with the Warden, Mr. R. D. Andrews. That request
was denied on September 10, 2004. In the denial Warden Andrews

2

ever, Program Statement 5100.07 clearly states **[consider] only those acts for which there are documented findings of guilt.** Program Statement 5100.07 goes on to say "serverity of violence is defined according to the offense behavior which resulted in a **conviction or finding of guilt.**" (pages 6, 7)

The only act that may be considered for purposes of a history of serious violence is the act, by me of selling a silverware set to a Los Angeles area jewelry dealer, because that is the only act that resulted in the conviction and finding of guilt of receiving stolen property which Program Statement 5100.07 requires.

There was not a conviction or finding of guilt of the May 3, 1986 burglary by me, nor was there a conviction or finding of guilt of the May 26, 1986 robbery be me either. (pages 4, 5)

Consistent with Program Statement 5100.07 there must be a conviction and finding of guilt of the considered acts of violence for there to be an assessment of a history of serious violence. In this case there was clearly no such conviction. (pages 4, 5, 6, 7)

In the Attempt at Informal Resolution filing, I incorrectly stated "I am cognizant I can be assessed a point for relevant conduct." (page 2) Program Statement 5100.07 does not provide for assessing a point for relevant conduct without convictions or findings of guilt. (pages 6, 7)

On September 6, 2004 I filed a formal request for Administrative Remedy with the Warden, Mr. R. D. Andrews. That request was denied on September 10, 2004. In the denial Warden Andrews

2

relied on the acts of the May 3, 1986 burglary and the May 26, 1986 robbery as predicate acts to the Receiving Stolen Property conviction. (page 9) Here too, in accordance with Program Statement 5100.07 the acts of those two particular dates may not be considered because there was not a conviction of either act. (pages 4, 5, 6, 7)

On September 20, 2004 I filed a Regional Administrative Appeal, to the Administrator, Mr. James E. Burrell, Privatization Management Branch. The appeal was filed timely and received on September 27, 2004 by Mr. Burrell.

On October 25, 2004 Mr. James E. Burrell denied the appeal, Mr. Burrell stated "Based on the behavior surrounding your conviction for Receipt of Stolen Property, your custody classification score is accurate." Program Statement 5100.07 does not provide for considering behavior surrounding a conviction. The acts that occurred on May 3, 1986 and May 26, 1986 may not be considered. Program Statement 5100.07 is unambiguous in its language, it clearly states "[consider] only those acts for which there are documented findings of guilt."

On November 12, 2004 I timely filed a Central Office Administrative Remedy Appeal, to the Office of General Counsel, Federal Bureau of Prisons. The appeal was timely received.

On February 3, 2005 Mr. Harrell Watts, Administrator, National Inmate Appeals denied my request. Mr. Watts erroneously relied on the alleged ( I use the word alleged because I was never convicted nor found guilty of the purported act) act of the May 26, 1986 robbery as the basis to deny me the relief I seek. Contrary to the provisions of Program Statement 5100.07.

3

# CERTIFICATE OF SERVICE

I, <u>Michael Christakis</u> hereby certify that I have served a
true and correct copy of the following:

<u>AMENDED COMPLAINT FOR
DECLARATORY AND
INJUNCTIVE RELIEF</u>:

Which is deemed filed at the time it was deposited in Taft Correctional
Institution's internal mail system, since TCI has no separate system designed
for legal mail, in accordance with Rule 4, Federal Rules of Appellate
Procedure and Houston V. Lack, 108 S. Ct. 2379 (1988), by placing same in a
sealed, first class postage prepaid envelope addressed to :

        KATHLEEN KONOPKA
        Assistant United States Attorney
        Judiciary Center Building
        555 4th Street, N.W.
        Room E4412
        Washington, D.C. 20530

and depositing same in the institution mail box at Taft Correctional
Institution at Taft, California.

I declare, under penalty of perjury (Title 28 U.S.C.  1746), That the foregoing
is true and correct.

Dated this <u>20th</u> day of <u>February</u>, <u>2006</u>.

Michael Christakis