Michael Christakis
Reg. No. 93846-012
Taft Correctional Inst.
Post Office Box 7001
Taft, California 93268

In pro se:


## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF COLUMBIA


Michael Christakis,                  )        CIVIL ACTION NO.
                                     )        05-1727(HHK)
        plaintiff,                   )
                                     )        PLAINTIFF'S OPPOSITION
            v.                       )        TO MOTION TO DISMISS
                                     )        PURSUANT TO RULE 12
Federal Bureau of Prisons            )
et. al.,                             )
                                     )
        Defendant's                  )
                                     )
                                     )
_____)


        Plaintiff Michael Christakis, in pro se, respectfully

submits his opposition to the Defendant's Motion to Dismiss

the Amended Civil Complaint for Declaratory and other relief.

The plaintiff, herein, asks this Court to deny the Motion to

Dismiss and to Order the Defendants to answer the complaint

pursuant to Rule 7 of the Federal Rules of Civil Procedure

within thirty days of the Court's order.

### INTRODUCTION

        As stated in the government's opposition, the plaintiff

RECEIVED

MAY 1 5 2006

NANCY MAYER-WHITTINGTON, CLERK
U.S. DISTRICT COURT

1.

is a federal prisoner currently housed at the Correctional Institution at Taft, California ("Taft"). The plaintiff is informed and believes that Taft is a low security institution run by the GEO Group Inc., ("GEO") under contract to the Federal Bureau of Prisons ("BOP"). The plaintiff is also informed and believes the staff at Taft cannot make certain decisions as to custody scores, classifications and transfers to other federal institutions, without an employee of the BOP authorizing those decisions and recommendations.

Here, the plaintiff has made claims for relief against two types of defendants. First, employees of GEO who misinterpreted a specific Rule (Program Statement 5100.07) of the BOP concerning whether one custody point could be added to the plaintiff's custody classification score which had never been added to the plaintiff's custody classification score while he was serving his sentence at a BOP facility, and not at a contract facility. The second type of defendants are those Federal BOP employees who took the recommendations of GEO's employees and upheld the misinterpretation of the program statement in question.

In the defendant's Motion to Dismiss, the defendants attempt to have this Court believe the plaintiff is bringing this civil suit to "challenge the defendant's substantive decision regarding plaintiff's security classification, and thus, his placement within the BOP system." This is a

2.

misinterpretation of the intent of plaintiff's motion. There-
fore, the defendants' averment that the Court is "statutorily
precluded from reviewing such decisions," citing Title 18 U.S.C.
Section 3625 and various decisions by Federal District and
Appellate Courts is erroneous. Thus, the defendants have mis-
interpreted the statute and rule of the BOP, and now have mis-
interpreted the claims made by the plaintiff in order to pursuade
this Court to dismiss the complaint for lack of subject matter
jurisdiction.

In this civil action the plaintiff is not alleging that
he should have a certain custody classification. The plaintiff
is not claiming the defendants, BOP, should transfer him to a
specific type of institution or to a specific institution.
Here, the plaintiff is alleging, 1) that the defendants who are
of GEO and under contract as his custodians have misinterpreted
the BOP Program Statement 5100.07, and 2) that the defendants
who are federal employees have supported this misinterpretation
of the Program Statement, and that this misinterpretation has
added a point to his custody classification score which is
preventing him from eligibility in certain programs for which
he was eligible prior to his transfer to Taft.

**ARGUMENT**

The instant complaint cites two Sections of the federal
law as to this Court's jurisdiction. The plaintiff's first
cause of action against all defendants, asks for declaratory

3.

relief under Title 28 U.S.C. Section 2201 et. seq. This Court
has jurisdiction to hear this cause as to all defendants since,
1) some of the defendants are federal employees, and 2) there
are federal statutes and rules of a federal agency which this
Court must interpret. Therefore, this Court has subject matter
jurisdiction to declare the rights of the parties, and make an
appropriate order as to all the parties to this action, and to
remedy the wrong caused by the defendants. A state court would
have no jurisdiction over the federal employees as to federal
questions. However, if present, this Court would have jurisdic-
tion over state claims under its pendant jurisdiction. See,
Kaufman v. Anglo-American School of Sofia, 28 F.3d 1223, 1225
(D.C. Cir. 1994) citing Teamsters et. al. v. Morton, 377 U.S.
252, 257 (1964).

This Court also has jurisdiction under the Administrative
Procedures Act ("APA"), perhaps not to change a "substantive
decision" as to the specific facility the plaintiff should be
housed at (and the plaintiff is not seeking such). However,
Title 5 U.S.C. Section 701 et. seq. was specifically enacted
to allow aggrieved parties upon whom a government agency or a
government employee has misapplied a federal statute or rule
judicial review of the agency's or employee's actions. The
Court should further interpret the application or misinter-
pretation of that rule or statute.

4.

In support of their contentions that this Court has no jurisdiction to the plaintiff's claims under the APA, the defendants cite, Landry v. Hawk-Sawyer, 123 F.Supp 2d 17, 19 (D.C. Cir. 2000) claiming that the ruling set out in Landry, "that judicial review of BOP substantive decisions regarding a particular prisoner is precluded by 18 U.S.C. Section 3625," and thus, the Court is precluded from judicial review. [Gov. Opposition, page 2.] In Landry, the federal defendant, BOP, attempted, as here, to argue that this Court had no jurisdiction to hear the plaintiff's cause of action under the APA or under habeas corpus. This Court, in Landry ruled that, "Several courts that have recently considered similar claims have determined that jurisdiction to review the validity of the BOP's Program Statement may be appropriate under the APA." (citations omitted).

This Court, in Landry, went on to state the judicial review of a BOP substantive decision, for example, to grant or deny the plaintiff a custody reduction or a transfer to a camp is precluded by 18 U.S.C. Section 3625. However, here, as in Landry the plaintiff is not asking for a custody reduction, nor a transfer, nor a release. The plaintiff is asking this Court to interpret Program Statement 5100.07, specifically, the portion which states clearly, **"[consider] only those acts for which there are documented findings of guilt,"** to determine if the defendants interpreted the Program

Statement correctly, and if not, to direct the defendants to follow the Program Statement as interpreted by this Court. This Court clearly has jurisdiction to hear such claims under Title 28 U.S.C. Sections 701 et.seq. <u>Landry</u>, at 19.

## CONCLUSION

For the reasons stated above, this Court should deny the defendant's Motion to Dismiss, and order the defendants to answer the complaint and order discovery to begin.

Dated this _9_ day of _MAY_____, 2006.

Respectfully Submitted,

Michael Christakis
Plaintiff in pro se

6.

# CERTIFICATE OF SERVICE

I,    MICHAEL CHRISTAKIS           hereby certify that I have served a
true and correct copy of the following:

PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS
PURSUANT TO RULE 12

Which is deemed filed at the time it was deposited in Taft Correctional
Institution's internal mail system, since TCI has no separate system designed
for legal mail, in accordance with Rule 4, Federal Rules of Appellate
Procedure and Houston V. Lack, 108 S. Ct. 2379 (1988), by placing same in a
sealed, first class postage prepaid envelope addressed to :

United States District Court        U.S. DEPT. OF JUSTICE
District of Columbia                U.S. Attorney, Dist. of Columbia
1834 U.S. Courthouse                Judiciary Center
333 Constitution Ave. N.W.          555 4th  Street, N.W.
Washington, D.C.                    Washington, D.C.   20530
20001

and depositing same in the institution mail box at Taft Correctional
Institution at Taft, California.

I declare, under penalty of perjury (Title 28 U.S.C.  1746), That the foregoing
is true and correct.

Dated this    9    day of   May      , 2006 .

Michael Christakis
# 93846-012

Taft C.I.
P.O. Box 7001
Taft, CA  93268