UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL CHRISTAKIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 05-1727 (HHK) |
| ) | |
| BUREAU OF PRISONS, et. al. ) | |
| ) | |
| ) | |
| Defendants. ) | |
| _____) | |

### DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Defendant Bureau of Prisons[1] respectfully submits the following reply in response to Plaintiff's opposition to Defendant's motion to dismiss.

Despite his best efforts to distinguish his case from the controlling statutes and precedent, Plaintiff cannot establish the Court's jurisdiction over this matter. He bases his claim of jurisdiction on 28 U.S.C. § 2201 and the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 et seq. (R.13 at 3-4).[2] The former does not confer jurisdiction on the Court where it is otherwise lacking: "[i]n a case of actual controversy within its jurisdiction . . ." 28 U.S.C. § 2201(a) (emphasis added). While the APA does provide the Court with jurisdiction to review certain agency action, such review is specifically precluded in this instance by statute. 18 U.S.C. § 3625 (the APA "does not apply to the making of any determination, decision, or order under this

---

[1]   As indicated in Defendant's motion to dismiss, Plaintiff has also named as defendants two BOP officials, Harrell Watts and James Burrell, and two employees of the contract facility where Plaintiff is housed, Bernie Ellie and Tammy O'Neil. (Complaint at 1). While undersigned does not represent the contract employees, it appears that neither they nor the BOP officials have been sued in their individual capacities. Plaintiff has alleged no constitutional violations by these individuals and does not seek monetary damages. Moreover, Plaintiff has initiated suit under the Administrative Procedure Act ("APA") alleging improper agency action in its application of a BOP Policy Statement ("PS") as to him. "[A] court cannot grant relief against an individual under the APA." Daugherty v. United States, 212 F.Supp.2d 1279, 1285 (N.D.Okla. 2002); see 5 U.S.C. § 702. Thus, Defendant construes this case as properly against the BOP only.

[2]   An "R." followed by a number describes a document by reference to its placement in the Court's docket.

subchapter"). See also Richmond v. Scibana, 387 F.3d 602, 605 (7th Cir. 2004) ("A placement decision itself is not open to challenge under the APA,"); Fristoe v. Thompson, 144 F.3d 627, 630-631 (10th Cir. 1998) (noting that § 3625 precludes review of the BOP's substantive decision in an individual case); Landry v. Hawk-Sawyer, 123 F.Supp.2d 17, 19 (D.D.C. 2000) (noting that judicial review of BOP substantive decision regarding a particular prisoner is precluded by 18 U.S.C. § 3625); Fullenwiley v. Wiley, 1999 WL 33504428 (N.D.N.Y. 1999) (federal courts lack jurisdiction over claim that BOP improperly classified prisoner).

  Plaintiff attempts to overcome this statutory preclusion by claiming that he is not seeking review of BOP's substantive decision regarding his security classification, but rather review of the Agency's interpretation of its Policy Statement that resulted in the addition of a point to his security classification. (R.13 at 3). Plaintiff makes a distinction without a difference. Unlike Landry, 123 F.Supp.2d at 19, Plaintiff has not challenged in either his original or amended complaint the validity of the BOP Policy Statement at issue on statutory or constitutional grounds, nor does he have any basis to do so. Rather, Plaintiff claims that BOP "misinterpreted" its valid Policy Statement (R.13 at 3), thereby creating a substantively incorrect security classification "regarding a particular prisoner," Plaintiff. See Landy, 123 F.Supp.2d at 19. This is precisely the type of determination that the Court is precluded from reviewing pursuant to 18 U.S.C. § 3625. See Fullenwiley, 1999 WL 33504428 (court cannot review particular prisoner classification).

  WHEREFORE, Defendant requests that this Court enter an order dismissing this action against it.

Respectfully submitted,


_____
KENNETH L. WAINSTEIN, DC Bar #451058
United States Attorney


_____
RUDOLPH CONTRERAS, DC Bar #434122
Assistant United States Attorney


_____
KATHLEEN KONOPKA, DC BAR #495257
Assistant United States Attorney

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that service of the foregoing Reply to Plaintiff's Opposition to Motion to Dismiss has been made by mailing a copy thereof to:

MICHAEL CHRISTAKIS
Registration No. 93846-012
Taft Correctional Institution
P.O. Box 7001
Taft, CA 93268

on this ____ day of May, 2006

_____
KATHLEEN KONOPKA
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W.; Room E4412
Washington, D.C.  20001
(202) 616-5309

Case 1:05-cv-01727-HHK    Document 14    Filed 05/19/2006    Page 5 of 5